A06A0131. CONSOLIDATED PIPE & SUPPLY COMPANY, INC.
v. GENOA CONSTRUCTION SERVICES, INC. et al.
(633 SE2d 59)

MILLER, Judge.

Consolidated Pipe & Supply Company, Inc. ("Consolidated") sued Genoa Construction Services, Inc. ("Genoa") and Westfield Insurance Company ("Westfield") to recover under a payment bond for materials allegedly supplied by Consolidated for a construction project. The trial court granted judgment on the pleadings to Genoa and Westfield. OCGA § 9-11-12 (c). Consolidated appeals. Since Genoa

---

and Westfield have failed to show that Consolidated would not be entitled to any relief based on the well-pled allegations in the complaint that could be proved in support of its claim, we reverse.

> In deciding a motion for judgment on the pleadings, the issue is whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. All well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts.

(Citations and punctuation omitted.) *Holsapple v. Smith*, 267 Ga. App. 17, 20 (1) (599 SE2d 28) (2004). Our review is de novo. *Bogard v. Inter-State Assurance Co.*, 263 Ga. App. 767 (589 SE2d 317) (2003).

So viewed, the pleadings show that St. James United Methodist Church, Inc. engaged Genoa to act as the general contractor of a construction project. Westfield, as surety for Genoa, issued a payment bond for the project. Genoa subsequently contracted with Red Hawk Construction, LLC ("Red Hawk") to perform project work.

Red Hawk ordered and received $109,654.22 of construction materials from Consolidated for use on the project, but Red Hawk filed for bankruptcy and never paid Consolidated for the materials. Consolidated filed a claim of lien on the project in the amount of $109,654.22, plus interest, and demanded payment from Genoa, as general contractor, and Westfield, as surety for Genoa. Genoa and Westfield failed to pay the demand, and Consolidated filed this action to recover under the payment bond.

At issue is whether the pleadings establish that Consolidated failed to comply with OCGA §§ 10-7-31 and 44-14-361.5. OCGA § 10-7-31 (a) requires that persons entitled to claim the protection of a payment bond who do not otherwise have a contractual relationship with the contractor furnishing the payment bond must deliver a notice to the contractor in accordance with the statute's provisions. Otherwise, such persons "shall not have the right to bring an action on such payment bond . . . in accordance with the terms thereof." Id. Similarly, OCGA § 44-14-361.5 (a) provides that in order to make good certain liens under OCGA § 44-14-361, persons having a right to the lien but not otherwise in privity of contract with the contractor must provide a notice to the contractor in accordance with the statute.

The trial court concluded that Genoa and Westfield were entitled to judgment on the pleadings because Consolidated's notice to the contractor failed to include Red Hawk's address, which the trial court

found to be required in light of OCGA §§ 10-7-31 (a) (2) and 44-14-361.5 (c) (2).[1] OCGA §§ 10-7-31 and 44-14-361.5, however, impose a separate duty on the contractor to file a "notice of commencement" with the superior court in which the project is located, and a contractor's failure to file the notice of commencement renders the notice-to-contractor requirements inapplicable. OCGA §§ 10-7-31 (c); 44-14-361.5 (d). Accordingly, if Consolidated could prove a fatal defect in Genoa's notice of commencement, then any defect in Consolidated's notice to the contractor would not bar relief under the complaint. "A defendant's motion for judgment on the pleadings should be granted only where the pleadings disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts." *Blier v. Greene*, 263 Ga. App. 35 (587 SE2d 190) (2003).

The pleadings do not show that Consolidated was unable to establish a defect in the notice of commencement. Genoa averred in its first affirmative defense that it had filed a notice of commencement with the Clerk of the Superior Court of Fulton County and had posted the notice of commencement at the project site. Such an averment, however, must be considered to be denied by Consolidated for purposes of a motion for judgment on the pleadings. See OCGA § 9-11-8 (d) ("[a]verments in a pleading to which no responsive pleading is required . . . shall be taken as denied or avoided"); *Lord v. Smith*, 143 Ga. App. 378, 379 (1) (238 SE2d 731) (1977) (although answer alleged facts that if well founded would be grounds for dismissal, judgment on the pleadings was not warranted).

Furthermore, Consolidated's pleadings must be construed in a light most favorable to showing a question of fact. See *Auerback v. Maslia*, 142 Ga. App. 184, 185 (2) (235 SE2d 594) (1977). Accordingly, we do not consider Consolidated's averments that its "Notice to Owner/Contractor" complied with OCGA §§ 10-7-31 and 44-14-361.5 or admission that it received a copy of the notice of commencement to establish that Genoa's notice of commencement was otherwise proper and timely filed as required by the statutes. Since the pleadings do not disclose with certainty that Consolidated would not be entitled to relief, Genoa and Westfield were not entitled to judgment on the pleadings.

*Judgment reversed. Johnson, P. J., concurs. Ellington, J., concurs in judgment only.*

---

[1] Consolidated attached a copy of its notice to contractor as an exhibit to the complaint. Accordingly, the trial court was entitled to consider this exhibit in considering a judgment on the pleadings. *Tidikis v. Network for Med. &c. Research*, 274 Ga. App. 807 (619 SE2d 481) (2005). We do not, however, reach the question whether the trial court was correct in finding Consolidated's notice to the contractor to be insufficient.

*Vaughn, Wright & Boyer, Frederick L. Wright II*, for appellant.
*Griffin, Cochrane & Marshall, W. Henry Parkman, Peter H. Strott*, for appellees.