A07A2036. GEORGIACARRY.ORG, INC. et al. v. COWETA COUNTY.
(655 SE2d 346)

RUFFIN, Judge.

GeorgiaCarry.Org, Inc. and Edward Stone (collectively, "Appellants") sought to have a Coweta County ordinance restricting the carrying of firearms declared void.[1] Specifically, the Appellants argued that the ordinance was preempted by statute. The parties filed cross-motions for summary judgment, and the trial court granted the motion filed by Coweta County and denied the Appellants' motion. As we find that the ordinance is preempted, we reverse.

"The doctrine of state preemption is based on the concept that statutes of the state legislature control over county or city ordinances."[2] Preemption may be either express, implied, or by conflict.[3] The ordinance at issue provides in pertinent part that "[f]irearms, air (or spring loaded) rifles/pistols, . . . and any device firing or propelling a projectile are strictly prohibited . . . on or about Coweta County recreation facilities, sports fields, or any surrounding areas being

---

[1] Neither party addressed the Appellants' standing to bring such petition and thus we do not address this issue on appeal.

[2] (Punctuation omitted.) *Sturm, Ruger & Co. v. City of Atlanta*, 253 Ga. App. 713, 717 (560 SE2d 525) (2002).

[3] See id. at 718.

property of the county."[4] According to the Appellants, this ordinance is preempted by OCGA § 16-11-173, which is captioned, "[l]egislative findings; preemption of local regulation and lawsuits; exceptions." Subsection (b) (1) of this statute dictates that

> [n]o county or municipal corporation, by zoning or by ordinance, resolution, or other enactment, shall regulate in any manner gun shows; the possession, ownership, transport, carrying, transfer, sale, purchase, licensing, or registration of firearms or components of firearms; firearms dealers; or dealers in firearms components.

In construing this statute, we are mindful of the "golden rule" of statutory construction, which requires that we follow the literal language of the statute unless doing so "produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else."[5] And the plain language of the statute expressly precludes a county from regulating "in any manner [the] . . . carrying . . . of firearms."[6] Under these circumstances, the preemption is express, and the trial court erred in concluding otherwise.[7]

According to Coweta County, OCGA § 16-11-173 (b) does not apply to the case at hand because it is found in that part of the statute regulating the transfer and purchase of firearms rather than possession of firearms. We note that, if the language of a statute is doubtful, then a court may look to captions in the act in order to ascertain the intent of the legislature.[8] Here, however, the language of the statute is not doubtful. Moreover, a caption does not obviate the plain meaning of the statute itself.[9] Both the statute and its caption expressly refer to the preemption of municipal and county ordinances and zoning regulations pertaining to, inter alia, the carrying of firearms.[10] It follows that the trial court erred in denying the Appellants' motion for summary judgment and granting the motion filed by Coweta County.[11] In view of this holding, we need not address the Appellants' remaining enumerations of error.

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

---

[4] Coweta County Ordinance No. 46-33 (c).

[5] *Ga. Power Co. v. Monroe County*, 284 Ga. App. 707, 709 (644 SE2d 882) (2007).

[6] OCGA § 16-11-173 (b) (1).

[7] See *Sturm, Ruger & Co.*, supra.

[8] See *State v. Ware*, 282 Ga. 676 (653 SE2d 21) (2007).

[9] See id. ("[I]t is fundamental that the preamble or caption of an act is no part thereof and cannot control the plain meaning of the body of the act.").

[10] See OCGA § 16-11-173 (b) (1).

[11] This holding renders the Appellants' motion to stay proceedings in the trial court moot.

DECIDED DECEMBER 4, 2007.

*John R. Monroe*, for appellants.
*Glover & Davis, Nathan T. Lee*, for appellee.