A07A2161. GENERAL ELECTRIC COMPANY v. NORTH POINT MINISTRIES, INC.
(657 SE2d 297)

MIKELL, Judge.

General Electric Company d/b/a GE Consumer & Industrial Products, a Division of General Electric Company ("GE"), sued North Point Ministries, Inc. ("NPMI") to foreclose on a materialman's lien. The trial court granted summary judgment to NPMI, ruling that GE's lien was unenforceable due to GE's failure to provide a Notice to

Contractor. GE appeals on the grounds that it was not required to provide a Notice to Contractor, because the Notice of Commencement filed by NPMI's contractor was fatally defective. We agree and reverse.

As this Court has previously noted, there exists in Georgia "a detailed statutory scheme for regulating liens filed by materialmen who furnish supplies and materials for building, repairing, or improving property."[1] Under this statutory scheme, a materialman must comply with the provisions of OCGA § 44-14-361.1 (a) in order to "make good" his lien.[2] In addition, OCGA § 44-14-361.5 (a) provides that in cases where the contractor has filed a proper Notice of Commencement,[3] a lien claimant "who does not have privity of contract with the contractor" must provide a Notice to Contractor or forfeit his lien.[4] The contractor's Notice of Commencement must contain the information required in OCGA § 44-14-361.5 (b), including the "legal description" of the property where the construction project is located, and the name of the "true owner of the property."[5] Further, the Notice of Commencement must be filed with the clerk of the superior court of the county in which the construction project is located;[6] and the clerk of the superior court is then directed to file the Notice in its records and to index "[e]ach such Notice of Commencement . . . *under the name of the true owner* and the contractor as contained in the Notice of Commencement."[7] Failure to file a Notice of Commencement renders the provisions of OCGA § 44-14-361.5 inapplicable,[8] so that the lien claimant does not have to provide a Notice to Contractor in order to preserve his lien.[9] Moreover, under

---

[1] *Washington Intl. Ins. Co. v. Hughes Supply*, 271 Ga. App. 50, 51 (1) (609 SE2d 99) (2004). See OCGA § 44-14-360 et seq.

[2] See *Few v. Capitol Materials*, 274 Ga. 784, 784-785 (1) (559 SE2d 429) (2002). Accord *Washington Intl. Ins. Co.*, supra at 51-52 (1).

[3] OCGA § 44-14-361.5 (b) ("Not later than 15 days after the contractor physically commences work on the property, a Notice of Commencement shall be filed by . . . the contractor with the clerk of the superior court in the county in which the project is located. A copy of the Notice of Commencement shall be posted on the project site").

[4] OCGA § 44-14-361.5 (a). See *Roofing Supply of Atlanta v. Forrest Homes*, 279 Ga. App. 504, 507 (1) (632 SE2d 161) (2006). See generally H. Balkcom et al., Annual Survey of Georgia Law: Construction Law, 58 Mercer L. Rev. 55, 67 (2006).

[5] OCGA § 44-14-361.5 (b) (2), (3) ("The Notice of Commencement shall include: . . . the legal description of the property upon which the improvements are being made; [and] . . . [t]he name . . . of the true owner of the property").

[6] OCGA § 44-14-361.5 (b).

[7] (Emphasis supplied.) OCGA § 44-14-361.5 (e).

[8] OCGA § 44-14-361.5 (d).

[9] See *Consolidated Pipe & Supply Co. v. Genoa Constr. Svcs.*, 279 Ga. App. 894, 896 (633 SE2d 59) (2006) ("a contractor's failure to file the notice of commencement renders the notice-to-contractor requirements inapplicable") (citations omitted).

*Consolidated Pipe & Supply Co.,*[10] the lien claimant would also be relieved of the duty to provide a Notice to Contractor in the event the contractor files a Notice of Commencement which proves to contain a "fatal defect."[11]

In the case at bar, we must determine whether the Notice of Commencement filed by NPMI's contractor sufficiently complied with OCGA § 44-14-361.5 (b) so as to trigger the application of that Code section in this case. We conclude that it did not.

The facts in this case are not in dispute. Viewing the evidence and all reasonable inferences and conclusions drawn from it in the light most favorable to the nonmoving party, as we must on review of a grant of summary judgment,[12] the record reflects that on May 18, 2005, Garrard Construction Interiors, LLC ("Garrard"), entered into a contract to provide improvements to a church facility in Alpharetta (the "project"). Garrard provided a Notice of Commencement for the project on June 16, 2005, in purported compliance with subsection (b) of OCGA § 44-14-361.5.

Garrard subcontracted with Miller Electric, LLP ("Miller"), for electrical work on the project. In connection with this work, Miller ordered supplies from GE but never paid GE. GE did not provide a written Notice to Contractor. After filing a timely claim of lien against NPMI's property, GE filed the underlying action against NPMI, the property owner.[13] The trial court granted summary judgment to NPMI on the grounds that GE's materialman's lien was unenforceable because GE failed to provide a Notice to Contractor as contemplated by OCGA § 44-14-361.5 (a) for lien claimants not in privity of contract with the contractor. In its sole enumeration of error, GE contends that the trial court erred in determining that its lien was unenforceable for this reason. We agree.

Garrard's Notice of Commencement deviated in two essential ways from the requirements of OCGA § 44-14-361.5 (b). First, it described the property on which the project was located by street address only, without supplying the legal description required under OCGA § 44-14-361.5 (b) (2). Second, it listed "North Point Community Church" as the owner, rather than NPMI, the actual owner of the property. Thus, the Notice of Commencement failed to name the "true

---

[10] Id.

[11] Id. ("if [the lien claimant] could prove a fatal defect in [the contractor]'s notice of commencement, then any defect in [the lien claimant]'s notice to the contractor would not bar relief under the complaint").

[12] *Trench Shoring Svcs. of Atlanta v. Westchester Fire Ins. Co.,* 274 Ga. App. 850 (619 SE2d 361) (2005). See OCGA § 9-11-56 (c).

[13] Miller filed for bankruptcy protection on March 28, 2006. See OCGA § 44-14-361.1 (a) (2), (3), (4).

owner" of the property, as required by OCGA § 44-14-361.5 (b) (3). Garrard's Notice of Commencement was therefore fatally deficient. To be sure, "generally speaking, when there is actual compliance as to all matters of substance[,] then mere technicalities of form or variations in the mode of expression should not be given the stature of noncompliance."[14] But the requirement to furnish a legal description of the property and the name of the true owner are matters of substance, "not mere technicalities."[15] Providing merely the property's street address and an "a/k/a" name for the owner amounted to neither actual nor substantial compliance with the provisions of the statute. Either of these defects on the face of Garrard's Notice of Commencement would render the Notice insufficient to trigger the provisions of OCGA § 44-14-361.5, so that GE was relieved of the obligation to provide a Notice to Contractor in order to preserve its lien.[16]

NPMI argues that by prior course of dealing, GE has waived its right to object to the lack of a legal description in Garrard's Notice of Commencement, because Garrard filed a similarly-deficient Notice of Commencement on an earlier project and GE provided a Notice to Contractor without objection at that time. This argument is without merit. The only authority cited by NPMI in support of this argument is *The Cotton States Life Ins. Co. v. Lester*,[17] a case wholly inapposite to the case at bar. *Cotton States* did not involve the application of the mechanics' lien statutes. Further, it concerned two parties in privity with each other, which by definition is not the case here.[18] Additionally, the course of dealing in *Cotton States* did not involve a single incident, but was repeated consistently over several years.[19]

NPMI further argues that the name "North Point Community Church" was adequate to describe the "true owner" of the project, because evidence presented by NPMI showed that it habitually conducted business under that name. This evidence, however, does

---

[14] (Citation and punctuation omitted.) *Sierra Craft, Inc. v. T. D. Farrell Constr.*, 282 Ga. App. 377, 384 (3) (638 SE2d 815) (2006) (materialman's lien was not discharged or precluded by payment bond, where contractor failed to comply with "substantive and essential requirements" of lien release bond statute).

[15] Id.

[16] See *Consolidated Pipe & Supply Co.*, supra.

[17] 62 Ga. 247 (1879).

[18] Id. at 251 (by its course of dealing in accepting late premium payments, life insurance company was held to have waived right to insist on prompt payment). See OCGA § 44-14-361.5 (a) ("To make good the liens specified in . . . Code Section 44-14-361, any person having a right to a lien *who does not have privity of contract with the contractor* and is providing . . . materials for the improvement of property shall . . . give a written Notice to Contractor") (emphasis supplied).

[19] *Cotton States*, supra.

not alter the fact that the record owner of the property here is NPMI, not "North Point Community Church."

Citing *Roofing Supply*,[20] NPMI argues that the Notice of Commencement sufficiently complied with the statute in naming "North Point Community Church" as the "true owner" of the property. The facts of *Roofing Supply*, however, are not on all fours with the case at bar. There, the lien claimant had adequate notice of the owner's name.[21] Here, in contrast, the name of the "true owner" was nowhere disclosed on the Notice of Commencement. In light of the statutory scheme providing for indexing the Notice of Commencement under the name of the "true owner,"[22] such an omission vitiates the two-fold purpose of the statute: "the statute . . . provides *both* a means of protecting owners and general contractors from being unfairly surprised by unknown debts of subcontractors *and* a method of ensuring that remote subcontractors and materialmen receive compensation for their contributions to the project."[23]

In interpreting the lien statutes, this Court has recognized the General Assembly's right to pass all laws, and the courts' duty neither to add to nor to take away from the laws so passed, "but to enforce them as written."[24] Under the plain language of OCGA § 44-14-361.5 (b), the Notice of Commencement "shall include" several items, including "the legal description of the property" and "[t]he name and address of the true owner."[25] Garrard's Notice of Commencement omitted both these required items and therefore did not comply with the basic requirements of the statute. Therefore, this Code section does not apply in this case.[26] Under these circumstances, GE's lien was not invalid by reason of GE's failure to provide a Notice to Contractor, and the trial court erred in finding otherwise.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 29, 2008.

*Vaughn, Wright & Boyer, Frederick L. Wright II*, for appellant.

---

[20] Supra.

[21] Id. at 505.

[22] See OCGA § 44-14-361.5 (e).

[23] (Emphasis supplied.) *Roofing Supply*, supra at 506 (1).

[24] (Citation, punctuation and footnote omitted.) *Trench Shoring Svcs.*, supra at 852. In *Trench Shoring*, OCGA § 44-14-361 (b) was strictly construed to deny a special lien as to an owner's private property for work performed on the adjacent public right-of-way. The statute was later amended to provide such a lien. Ga. L. 2006, Act 744 (S.B. 530), § 1.

[25] OCGA § 44-14-361.5 (b) (2), (3).

[26] See OCGA § 44-14-361.5 (d).

*Mahaffey, Pickens & Tucker, Matthew P. Benson*, for appellee.