A08A0618. BEACON MEDICAL PRODUCTS, LLC v. TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA et al.

(665 SE2d 710)

BERNES, Judge.

In this action on a materialman's lien discharge bond, appellant Beacon Medical Products, LLC d/b/a Beacon Medaes sought to recover payments from appellees Mallory & Evans, Inc. and Travelers Casualty and Surety Company of America for materials Beacon supplied to the Emory Johns Creek Hospital project. The parties filed cross-motions for summary judgment. The trial court denied

Beacon's motion and granted summary judgment in favor of appellees, ruling that the materialman's lien was unenforceable because Beacon failed to perfect it by sending a Notice to Contractor pursuant to OCGA § 44-14-361.5 (a). For the reasons that follow, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). On appeal from a grant of summary judgment, we apply a de novo standard of review. Id.

The evidence in this case shows that the general contractor began work on the project on February 1, 2005. The general contractor, however, did not file a Notice of Commencement until May 13, 2005.

Several subcontractors were hired for the project, one of which ordered and received construction materials from Beacon. Beacon delivered its final provision of materials for the project on February 22, 2006, and submitted invoices for the items delivered. Although some of the invoices were paid, an unpaid balance of $139,141.80 remained.

Beacon filed a claim of lien on the project for the unpaid balance owed for its materials. Mallory & Evans, Inc., one of the subcontractors on the project, purchased a lien discharge bond from Travelers Casualty and Surety Company of America as substitute security for Beacon's lien claim. When payment was not provided, Beacon filed the instant lawsuit, asserting a claim against the lien discharge bond.

The parties filed cross-motions for summary judgment. Appellees asserted that Beacon was not entitled to payment because it failed to perfect its lien by providing a Notice to Contractor as required by OCGA § 44-14-361.5 (a). Beacon, however, asserted that its duty to give a Notice to Contractor was obviated because the general contractor had failed to timely file a Notice of Commencement as required by OCGA § 44-14-361.5 (b).[1] Rejecting Beacon's argument, the trial court concluded that the notice requirements were satisfied in this case since the Notice of Commencement was filed prior to Beacon's provision of materials for the project. Consequently, the trial court ruled that Beacon's duty to give a Notice to Contractor had been triggered and that its failure to do so invalidated its lien as a matter of law. Beacon now appeals.

---

[1] Beacon did not contend that the contractor's Notice of Commencement failed to contain the information required under OCGA § 44-14-361.5 (b). Compare *Harris Ventures v. Mallory & Evans, Inc.*, 291 Ga. App. 843 (662 SE2d 874) (2008).

The issue in this appeal requires us to interpret the interplay among OCGA § 44-14-361.5 (a), (b) and (d). In doing so, we are mindful that the "golden rule" of statutory construction requires that "we follow the literal language of the statute unless doing so produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else." (Punctuation and footnote omitted.) *GeorgiaCarry.Org, Inc. v. Coweta County*, 288 Ga. App. 748, 749 (655 SE2d 346) (2007). If the statutory language is plain and does not lead to absurd results, we must construe the statute according to its terms without further inquiry. See *City of Atlanta v. Miller*, 256 Ga. App. 819, 820 (1) (569 SE2d 907) (2002). Moreover, "in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole." (Citation omitted.) *Footstar v. Liberty Mut. Ins. Co.*, 281 Ga. 448, 450 (637 SE2d 692) (2006).

Additionally, "lien statutes in derogation of the common law must be strictly construed in favor of the property owner and against the materialman." *Roofing Supply of Atlanta v. Forrest Homes*, 279 Ga. App. 504, 506 (1) (632 SE2d 161) (2006). See also *Calhoun/Johnson Co. v. Houston Family Trust No. 1*, 236 Ga. App. 793, 794-795 (513 SE2d 759) (1999). Although appellees were not the property owners in this case, they provided a lien discharge bond as substitute security for the lien, and, therefore, stood in the place of the property owner in defending against the lien. See *M. Shapiro & Son, Inc. v. Yates Constr. Co. of Southeast*, 140 Ga. App. 675, 678-679 (231 SE2d 497) (1976).

With these principles in mind, we turn to the statutory provisions at issue. OCGA § 44-14-361.5 (a), (b) and (d) provide in part:

> (a) To make good the liens specified in paragraphs (1), (2), and (6) through (9) of subsection (a) of Code Section 44-14-361, any person having a right to a lien who does not have privity of contract with the contractor and is providing labor, services, or materials for the improvement of property shall, within 30 days from the filing of the Notice of Commencement or 30 days following the first delivery of labor, services, or materials to the property, whichever is later, give a written Notice to Contractor as set out in subsection (c) of this Code section to the owner or the agent of the owner and to the contractor for a project on which there has been filed with the clerk of the superior court a Notice of Commencement setting forth therein the information required in subsection (b) of this Code section.

(b) Not later than 15 days after the contractor physically commences work on the property, a Notice of Commencement shall be filed by the owner, the agent of the owner, or by the contractor with the clerk of the superior court in the county in which the project is located. A copy of the Notice of Commencement shall be posted on the project site. The Notice of Commencement shall include:

(1) The name, address, and telephone number of the contractor;
(2) The name and location of the project being constructed and the legal description of the property upon which the improvements are being made;
(3) The name and address of the true owner of the property;
(4) The name and address of the person other than the owner at whose instance the improvements are being made, if not the true owner of the property;
(5) The name and the address of the surety for the performance and payment bonds, if any; and
(6) The name and address of the construction lender, if any.

The contractor shall be required to give a copy of the Notice of Commencement to any subcontractor, materialman, or person who makes a written request of the contractor. Failure to give a copy of the Notice of Commencement within ten calendar days of receipt of the written request from the subcontractor, materialman, or person shall render the provision of this Code section inapplicable to the subcontractor, materialman, or person making the request.

. . .

(d) The failure to file a Notice of Commencement shall render the provisions of this Code section inapplicable. . . .

Interpreting these provisions, we have held that the failure to file a Notice of Commencement, or filing a Notice of Commencement containing a fatal defect, relieves a materialman from the duty of providing a Notice to Contractor in order to perfect his lien. See *Gen. Elec. Co. v. North Point Ministries*, 289 Ga. App. 382, 384 (657 SE2d 297) (2008); *Consolidated Pipe &c. Co. v. Genoa Constr. Svcs.*, 279 Ga. App. 894, 896 (633 SE2d 59) (2006). Relying upon this case law,

Beacon argues that the contractor's failure to *timely* file a Notice of Commencement in accordance with the 15-day deadline imposed by OCGA § 44-14-361.5 (b) amounted to a fatal defect, and that it was thus relieved from the duty to give a Notice to Contractor.

We disagree. While it is true that OCGA § 44-14-361.5 (b) requires an owner or contractor to file a Notice of Commencement within 15 days of beginning work on the project, neither subsection (a) nor (d) makes any reference to this time requirement in its provisions. Instead, subsection (a) requires the materialman to give a Notice to Contractor "for a project on which there has been filed with the clerk of the superior court a Notice of Commencement setting forth therein the information required in subsection (b) of this Code section." Significantly, while subsection (a) makes specific reference to the information that must be contained in a Notice of Commencement under subsection (b), it makes no similar reference to the timeliness of filing the Notice of Commencement. Likewise, the plain language of subsection (d) of the statute does not refer to the 15-day deadline or timeliness of the Notice of Commencement. Under these circumstances and "under the rules of statutory construction, the omitted language [from subsections (a) and (d) pertaining to the time requirement] cannot be deemed a redundancy or meaningless surplusage" but rather is presumed to be a matter of considered choice. *Transp. Ins. Co. v. El Chico Restaurants*, 271 Ga. 774, 776 (524 SE2d 486) (1999). See also *Hollowell v. Jove*, 247 Ga. 678, 683 (279 SE2d 430) (1981).[2] As such, we conclude that OCGA § 44-14-361.5 (a) and (d) do not require the filing of a Notice of Commencement within the 15-day deadline as a general condition to providing a Notice to Contractor. "The failure to file a Notice of Commencement" as provided in subsection (d) applies when there has been a *total* failure to file a Notice of Commencement at the time when a materialman must give a written Notice to Contractor to perfect its lien under subsection (a).[3]

---

[2] We also note that

[w]here a statute directs that a thing be done in a certain time without negative words prohibiting the subsequent performance, generally, the provision of time is directory only; where no injury results from such delay, subsequent performance is deemed substantial compliance with the statutory requirements.

(Citations omitted.) *Health Horizons v. State Farm Mut. Auto. Ins. Co.*, 239 Ga. App. 440, 443 (521 SE2d 383) (1999).

[3] It is true that we have previously held that a materialman's failure to timely file under a lien statute renders the lien unenforceable. See *Kendall Supply v. Pearson Communities*, 285 Ga. App. 863 (648 SE2d 158) (2007). See also *Action Concrete v. Portrait Homes &c.*, 285 Ga. App. 650, 652-654 (2) (647 SE2d 353) (2007); *Gwinnett-Club Assoc. v. Southern Elec. Supply Co.*, 242 Ga. App. 507, 509-510 (529 SE2d 636) (2000); *U. S. Filter Distrib. Group v. Barnett*, 241 Ga. App. 759, 759-760 (1) (526 SE2d 912) (1999). But, those holdings were based upon the requirement that lien statutes be strictly construed *against the materialman*.

Notwithstanding Beacon's arguments to the contrary, the interpretation we have adopted does not render the 15-day time requirement of OCGA § 44-14-361.5 (b) meaningless. When subsection (b) governing the filing of a Notice of Commencement is read in conjunction with subsection (a) governing the requirement to provide a Notice to Contractor, it is apparent that the purpose of the 15-day time requirement is to provide property owners and general contractors with a window of opportunity to file a Notice of Commencement to cover subcontractors who supply labor, services, or materials *at the start of the project.*

For example, circumstances may exist in which a materialman or subcontractor supplies labor or materials on or near the same date that the general contractor commences physical work on the project and when a Notice of Commencement has not yet been filed and duly recorded. Under those circumstances, a materialman or subcontractor could conclude that in the absence of record notice of a Notice of Commencement, the property owner and general contractor are not entitled to receive a Notice to Contractor informing them of the materialman's lien. But the time provision under subsection (b) rectifies this situation by giving the general contractor a 15-day safe harbor period beyond the date of physically commencing work on the project in which to file a Notice of Commencement to cover materialman liens incurred during those first several days of work. If the contractor files the Notice of Commencement within the first 15 days, then the materialman who provides labor or materials during that initial time period is required to give a Notice to Contractor disclosing the existence of his lien in accordance with the intent and purpose of the statute favoring such notice to the property owner.

Furthermore, our interpretation is consistent with the intent of the lien statute, which is to

provide[ ] both a means of protecting owners and general contractors from being unfairly surprised by unknown debts of subcontractors and a method of ensuring that remote subcontractors and materialmen receive compensation for their contributions to the project.

*Roofing Supply of Atlanta*, 279 Ga. App. at 506 (1). And as Beacon states, the purpose of the statute is also to furnish materialmen with the necessary information to preserve their lien rights. Because Beacon did in fact have record notice of the Notice of Commencement, which was filed nearly four months before Beacon first provided materials for the project, the purpose of the statute was satisfied.

For these reasons, the trial court's decision granting summary

judgment in appellees' favor was proper. Although the contractor's Notice of Commencement was untimely based upon the 15-day time requirement under subsection (b), it nonetheless was filed well before Beacon's lien arose and well before Beacon's lien had to be perfected under OCGA § 44-14-361.5 (a). Beacon thus was not relieved of its duty to give a written Notice to Contractor in order to perfect its lien. "[Beacon] could have ensured that it received compensation for the materials it [provided] by giving notice to [the contractor] that it was supplying the materials for [the contractor's] project. It did not do so, and it cannot escape the consequences of its failure." *Roofing Supply of Atlanta*, 279 Ga. App. at 506 (1). Because Beacon failed to perfect its materialman's lien, its lien is invalid and unenforceable as a matter of law. Id.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JULY 9, 2008.

*Adorno & Yoss, Stephen G. Lowe*, for appellant.
*Miles & Tallant, Dana B. Miles, Kevin J. Tallant*, for appellees.