## A09A0106. REY COLIMAN CONTRACTORS, INC. v. PCL CONSTRUCTION SERVICES, INC.

(676 SE2d 298)

ANDREWS, Presiding Judge.

Was a subcontractor (Rey Coliman Contractors, Inc.) required to comply with the provisions of OCGA § 44-14-361.5 to perfect its special lien for labor and materials even if the contractor (PCL Construction Services, Inc.) failed to comply with the provision in subsection (b) of the statute requiring it to post a copy on the project site of the "Notice of Commencement" of work? The short answer is yes: Although OCGA § 44-14-361.5 specifically relieves a subcontractor from compliance with its provisions when the contractor fails to comply with certain specific notice requirements, nothing in the statute can be construed to render its provisions inapplicable to the subcontractor solely for the contractor's failure to post a copy of the "Notice of Commencement" on the project site. The trial court correctly found that, even if PCL failed to post a copy of the "Notice of Commencement," that did not render the provisions of OCGA § 44-14-361.5 inapplicable to Rey Coliman's lien. Accordingly, the trial court correctly granted summary judgment in favor of PCL on its declaratory judgment action to void the lien on the basis that Rey Coliman's admitted failure to perfect its lien under OCGA § 44-14-361.5 rendered the lien void and ineffective. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); see *Beacon Med. Products v. Travelers Cas. & Surety Co. &c.*, 292 Ga. App. 617-618 (665 SE2d 710) (2008).

Rey Coliman contracted to provide material and labor for another subcontractor, which contracted with PCL, the general contractor on the construction project. Pursuant to OCGA § 44-14-361, Rey Coliman subsequently filed a special lien on the real property on which it provided the material and labor. PCL, which had a contractual obligation to the owner of the real property to remedy the lien or indemnify the owner, filed a declaratory judgment action seeking a ruling that the lien was void and ineffective because Rey Coliman failed to perfect the lien pursuant to the provisions of OCGA § 44-14-361.5. Rey Coliman does not dispute that it failed to perfect the lien under OCGA § 44-14-361.5 because it failed to provide PCL with a timely "Notice to Contractor" as required under subdivisions (a) and (c) of the statute. Nevertheless, Rey Coliman claimed that it had no obligation to comply with the provisions of OCGA § 44-14-361.5 because PCL failed to comply with a provision in subsection (b) of the statute requiring the contractor to post a copy on the project site of the "Notice of Commencement" of work.

OCGA § 44-14-361.5 sets forth provisions for perfecting special liens created under OCGA § 44-14-361 for labor, services, and

materials provided for improvement of real property by a subcontractor, materialman, or other person without privity of contract with the contractor. *Few v. Capitol Materials*, 274 Ga. 784-785 (559 SE2d 429) (2002); *Gen. Elec. Co. v. North Point Ministries*, 289 Ga. App. 382-384 (657 SE2d 297) (2008). OCGA § 44-14-361.5 provides:

(a) To make good the liens specified in paragraphs (1), (2), and (6) through (9) of subsection (a) of Code Section 44-14-361, any person having a right to a lien who does not have privity of contract with the contractor and is providing labor, services, or materials for the improvement of property shall, within 30 days from the filing of the Notice of Commencement or 30 days following the first delivery of labor, services, or materials to the property, whichever is later, give a written Notice to Contractor as set out in subsection (c) of this Code section to the owner or the agent of the owner and to the contractor for a project on which there has been filed with the clerk of the superior court a Notice of Commencement setting forth therein the information required in subsection (b) of this Code section.

(b) Not later than 15 days after the contractor physically commences work on the property, a Notice of Commencement shall be filed by the owner, the agent of the owner, or by the contractor with the clerk of the superior court in the county in which the project is located. A copy of the Notice of Commencement shall be posted on the project site. The Notice of Commencement shall include: (1) The name, address, and telephone number of the contractor; (2) The name and location of the project being constructed and the legal description of the property upon which the improvements are being made; (3) The name and address of the true owner of the property; (4) The name and address of the person other than the owner at whose instance the improvements are being made, if not the true owner of the property; (5) The name and the address of the surety for the performance and payment bonds, if any; and (6) The name and address of the construction lender, if any. The contractor shall be required to give a copy of the Notice of Commencement to any subcontractor, materialman, or person who makes a written request of the contractor. Failure to give a copy of the Notice of Commencement within ten calendar days of receipt of the written request from the subcontractor, materialman, or person shall render the provision of this Code section inapplicable to the subcontractor, materialman, or person making the request.

(c) A notice to contractor shall be given to the owner or the agent of the owner and to the contractor at the addresses set forth in the notice of commencement setting forth: (1) The name, address, and telephone number of the person providing labor, services, or materials; (2) The name and address of each person at whose instance the labor, services, or materials are being furnished; (3) The name of the project and location of the project set forth in the notice of commencement; and (4) A description of the labor, services, or materials being provided and, if known, the contract price or anticipated value of the labor, services, or materials to be provided or the amount claimed to be due, if any.[1]

(d) The failure to file a Notice of Commencement shall render the provisions of this Code section inapplicable. The filing of a Notice of Commencement shall not constitute a cloud, lien, or encumbrance upon or defect to the title of the real property described in the Notice of Commencement, nor shall it alter the aggregate amounts of liens allowable, nor shall it affect the priority of any loan in which the property is to secure payment of the loan filed before or after the Notice of Commencement, nor shall it affect the future advances under any such loan. Nothing contained in this Code section shall affect the provisions of Code Section 44-14-361.2.

(e) The clerk of each superior court shall file the Notice of Commencement within the records of that office and maintain an index separate from other real estate records or an index with the preliminary notices specified in subsection (a) of Code Section 44-14-361.3. Each such Notice of Commencement shall be indexed under the name of the true owner and the contractor as contained in the Notice of Commencement.

Subsection (b) contains three provisions related to providing subcontractors, materialmen, and other persons with the information contained in the Notice of Commencement. PCL complied with the notice provision in subsection (b) requiring that the owner, the owner's agent, or the contractor file a Notice of Commencement with

---

[1] Effective March 31, 2009, amended provisions of subsection (c) of OCGA § 44-14-361.5 provide that the Notice to Contractor must be sent "by registered or certified mail or statutory overnight delivery."

the clerk of the superior court in which the project was located, thus enabling the notice to be maintained for review in an index in the clerk's office in accordance with subsection (e). Subsection (d) provides that the contractor's failure to file a Notice of Commencement with the clerk "shall render the provisions of this Code section inapplicable." A second notice provision in subsection (b) provides that the contractor is required to give a copy of the Notice of Commencement to any subcontractor, materialman, or person who asks for it in writing, and that the contractor's failure to give a copy within ten days of receipt of the written request "shall render the provision of this Code section inapplicable to the subcontractor, materialman, or person making the request." It is undisputed that Rey Coliman made no written request to PCL for a copy of the Notice of Commencement. Subsection (b) also contains a third notice provision which requires that "[a] copy of the Notice of Commencement shall be posted on the project site." A factual dispute exists as to whether the Notice of Commencement was posted on the project site, but for purposes of PCL's motion for summary judgment, the trial court properly construed the record in favor of Rey Coliman and assumed that the notice was not posted. In contrast to the two previous notice provisions, nothing in OCGA § 44-14-361.5 states that the failure of the owner or contractor to post a copy of the Notice of Commencement on the project site renders the lien perfection provisions of the statute inapplicable.

OCGA § 44-14-361.5 explicitly states that its provisions for lien perfection do not apply where the owner or contractor has failed to comply with requirements to file a Notice of Commencement with the clerk of the superior court, or the contractor fails to provide a copy of the Notice of Commencement upon written request. In those cases, the subcontractor, materialman, or other person is relieved of the requirement in subsections (a) and (c) to give a written Notice to Contractor to perfect a lien. *Gen. Elec. Co.*, 289 Ga. App. at 383-384. By contrast, although OCGA § 44-14-361.5 (b) requires posting the Notice of Commencement on the project site, nothing in the statute states that its provisions for lien perfection are rendered inapplicable for a failure to post, nor does the statute attach any time requirement for posting or otherwise control the manner of posting. In construing statutes controlling payment bonds on public work projects, we previously recognized that a similar requirement to post the Notice of Commencement on the work site was a less reliable method of notice than the requirement for filing the notice with the clerk of court, because posting was "subject to dispute and dependent upon the recollections of various employees" at the work site. *J. Kinson Cook, Inc. v. Weaver*, 252 Ga. App. 868, 871 (556 SE2d 831) (2001). Taking the provisions of OCGA § 44-14-361.5 as a whole, we

find that the legislature considered the less reliable nature of posting notice on the project site, and plainly intended to treat a failure to post differently from a failure to file the notice with the superior court clerk or a failure to give a copy of the notice upon written request. If the legislature had intended for the lien perfection provisions of OCGA § 44-14-361.5 to be inapplicable for failure to post a copy of the Notice of Commencement on the project site, it could have explicitly stated that intention in the statute.

Special liens created under OCGA § 44-14-361 are in derogation of the common law, and statutes involving such liens "must be strictly construed in favor of the property owner and against the materialman." *Few*, 274 Ga. at 785; *Roofing Supply of Atlanta v. Forrest Homes, Inc.*, 279 Ga. App. 504, 506 (632 SE2d 161) (2006). Accordingly, we strictly construe OCGA § 44-14-361.5 as written and find that the failure to post the Notice of Commencement on the project site did not relieve Rey Coliman of the duty to perfect its lien by giving a written Notice to Contractor. See *Beacon Med. Products*, 292 Ga. App. at 619.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 24, 2009.

*Swift, Currie & Hancock, Andrew R. McBride*, for appellant.
*Moye, O'Brien, O'Rourke, Pickert & Martin, J. Andrew Williams, Thomas A. Nash, Jr.*, for appellee.