A09A2017. CONSOLIDATED PIPE & SUPPLY COMPANY, INC.
v. GENOA CONSTRUCTION SERVICES, INC. et al.

(690 SE2d 894)

PHIPPS, Judge.

Consolidated Pipe & Supply Company, Inc. sued Genoa Construction Services, Inc. and Westfield Insurance Company to recover under a payment bond and a lien discharge bond for monies allegedly owed it for materials it supplied to a construction project. The trial court granted summary judgment to Genoa and Westfield. Consolidated appeals, but has shown no error. We affirm.

To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law.[1] We review de novo a trial court's grant of summary judgment, construing the evidence in a light most favorable to the nonmoving party.[2]

So construed, the record showed that St. James United Methodist Church, Inc. hired Genoa to act as the general contractor of a construction project. Subsequently, in October 2003, Genoa contracted with Red-Hawk Construction, LLC to perform project work.

Red-Hawk ordered and received construction materials from Consolidated for use on the project, but Red-Hawk filed for bankruptcy and never paid Consolidated for the materials. Consolidated filed a claim of lien on the project in the unpaid amount.

Westfield, as surety for Genoa, issued a payment bond for the project, as well as a mechanic's lien release bond to discharge Consolidated's claim of lien. Consolidated demanded payment from Genoa, as general contractor, and from Westfield, as surety for Genoa. Genoa and Westfield failed to pay the demand, and Consolidated filed suit.

This case was previously before this court.[3] On review then was the trial court's conclusion that Genoa and Westfield were entitled to judgment on the pleadings on the grounds that Consolidated's Notice to Contractor was deficient in light of OCGA §§ 10-7-31 (a) and 44-14-361.5 (c).[4] We did not reach the substantive question of the argued insufficiency.[5] Instead, we noted that OCGA §§ 10-7-31 and 44-14-361.5 each imposed a separate duty on the contractor to file a

---

[1] OCGA § 9-11-56 (c); *Latson v. Boaz*, 278 Ga. 113-114 (598 SE2d 485) (2004).

[2] *Latson*, supra.

[3] *Consolidated Pipe & Supply Co. v. Genoa Constr. Svcs.*, 279 Ga. App. 894 (633 SE2d 59) (2006) (physical precedent only).

[4] Id. at 895-896.

[5] Id. at 896 n. 1 (expressly reserving the question whether the trial court was correct in finding Consolidated's Notice to Contractor to be insufficient).

Notice of Commencement with the superior court and that a contractor's failure to file the Notice of Commencement renders the notice-to-contractor requirements inapplicable.[6] We recognized that "if Consolidated could prove a fatal defect in Genoa's notice of commencement, then any defect in Consolidated's notice to the contractor would not bar relief under the complaint."[7] Because the pleadings, construed in favor of Consolidated,[8] did not show that Consolidated would have been unable to establish a defect in the Notice of Commencement, we reversed the judgment on the pleadings and remanded the case.[9]

On remand, after a period of discovery, Genoa and Westfield moved for summary judgment on the same grounds asserted in their prior motions — that Consolidated's Notice to Contractor was deficient in light of OCGA §§ 10-7-31 (a) and 44-14-361.5 (c). Consolidated did not pursue any claim that the Notice of Commencement was defective, acknowledging instead that whether it had given a proper Notice to Contractor was a genuine issue of material fact. At issue in this appeal by Consolidated is whether the trial court erred in granting Genoa's and Westfield's motions for summary judgment on those grounds.

OCGA § 10-7-31 (a) requires persons entitled to claim the protection of a payment bond, who do not otherwise have a contractual relationship with the contractor furnishing the payment bond, to give to the contractor a written Notice to Contractor in accordance with the statute's provisions. Otherwise, such persons "shall not have the right to bring an action on such payment bond . . . in accordance with the terms thereof."[10] Similarly, OCGA § 44-14-361.5 provides that in order "[t]o make good" specified liens, persons having a right to the lien but who do not have privity of contract with the contractor "shall . . . give a written Notice to Contractor as set out in subsection (c) of this Code section."

Claiming entitlement to summary judgment, Genoa and Westfield argued that Consolidated's Notice to Contractor failed to include certain information specified by OCGA §§ 10-7-31 (a) and 44-14-361.5 (c). Among other things, they pointed out that both Code provisions required that the Notice to Contractor set forth: "[t]he

---

[6] Id. at 896, citing OCGA §§ 10-7-31 (c); 44-14-361.5 (d).

[7] Id.

[8] *Blier v. Greene*, 263 Ga. App. 35 (587 SE2d 190) (2003) ("A defendant's motion for judgment on the pleadings should be granted only where the pleadings disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts.") (citation omitted).

[9] *Consolidated Pipe & Supply*, supra at 896.

[10] OCGA § 10-7-31 (a).

name and *address* of each person at whose instance the . . . material[s] are being furnished."[11] Although Consolidated's Notice to Contractor set forth the entity's name as "Red-Hawk Construction, LLC," the notice failed to provide any address for that entity. Genoa and Westfield also pointed out that both OCGA §§ 10-7-31 (a) and 44-14-361.5 (c) required that the Notice to Contractor set forth: the name "and *location* of the project set forth" in the Notice of Commencement.[12] Although Consolidated's Notice to Contractor set forth the name of the project as "St. James United Methodist Church," the notice failed to state the location of the construction project.

Consolidated maintains that, notwithstanding these omissions, its Notice to Contractor substantially complied with the statutory provisions. Furthermore, it maintains that the omissions from its Notice to Contractor were immaterial because the contractor knew the location of its construction project for St. James United Methodist Church and there was no evidence that the contractor had any other construction project for that entity. Consolidated also points to evidence that the contractor knew that a "Red-Hawk, LLC" was working on that construction project and evidence that the contractor had an address for a company using that name.

We reject Consolidated's argument that its Notice to Contractor was in substantial compliance with the statutory provisions. In enacting OCGA §§ 10-7-31 and 44-14-361.5, the General Assembly "provide[d] both a means of protecting owners and general contractors from being unfairly surprised by unknown debts of subcontractors and a method of ensuring that remote subcontractors and materialmen receive compensation for their contributions to the project."[13] In so doing, the General Assembly determined and specified within the statutory provisions at issue the manner in which notice is to be provided to the contractor.

In interpreting these statutory provisions, we are guided by the general rules of statutory construction:

> Words must be given their plain and ordinary meaning, except for words which are terms of art or have a particular meaning in a specific context. We must seek to effectuate the intent of the legislature, and to give each part of the statute meaning and avoid constructions that make some language mere surplusage. All parts of a statute should be

---

[11] OCGA §§ 10-7-31 (a) (2) (emphasis supplied); 44-14-361.5 (c) (2) (emphasis supplied).

[12] OCGA §§ 10-7-31 (a) (3) (emphasis supplied); 44-14-361.5 (c) (3) (emphasis supplied).

[13] *Beacon Med. Products v. Travelers Cas. and Surety Co. of America*, 292 Ga. App. 617, 622 (665 SE2d 710) (2008) (citation omitted).

YALE LAW LIBRARY

harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language.[14]

Moreover, where the statutory language is plain and does not lead to absurd results, we must construe the statute according to its terms without further inquiry.[15] It is the General Assembly's right to pass all laws, and the courts' duty neither to add to nor to take away from the laws so passed, but to apply them as written.[16]

"It is true that, generally speaking, when there is actual compliance as to *all matters of substance*, then mere technicalities of form or variations in the mode of expression should not be given the stature of noncompliance."[17] Given that the statutory provisions at issue explicitly stated that the location of the construction project and the address of the entity be set forth in the Notice to Contractor, they are matters of substance; thus, the statutory requirements to include the information may not be disregarded as mere technicalities.[18] Because Consolidated's Notice to Contractor wholly omitted the cited information, it failed to comply with either OCGA §§ 10-7-31 (a) or 44-14-361.5 (c).[19]

We reject also Consolidated's argument that Genoa's actual knowledge of the information omitted from its Notice to Contractor dispensed with the statutory requirements at issue. If the General Assembly had intended for the notice provisions of OCGA §§ 10-7-31 (a) and 44-14-361.5 (c) to be inapplicable upon a showing of actual knowledge, it could have explicitly stated that intention within the statutory framework.[20] However, it did not do so; Consolidated has pointed to no ambiguous language that can be construed as render-

---

[14] *J. Kinson Cook, Inc. v. Weaver*, 252 Ga. App. 868, 870 (1) (556 SE2d 831) (2001) (citation omitted).

[15] *Beacon Med. Products*, supra at 619.

[16] *Gen. Elec. v. North Point Ministries*, 289 Ga. App. 382, 386 (657 SE2d 297) (2008).

[17] *Sierra Craft v. T. D. Farrell Constr.*, 282, Ga. App. 377, 384 (3) (638 SE2d 815) (2006) (punctuation omitted; emphasis supplied); see *Gen. Elec.*, supra at 385.

[18] See *Gen. Elec.*, supra at 384-386 (providing merely street address and an "a/k/a" name for owner amounted to neither actual nor substantial compliance with provisions of OCGA § 44-14-361.5, which explicitly required legal description of property and name of true owner in Notice of Commencement because these pieces of information were matters of substance, not mere technicalities). Cf. *Sierra Craft*, supra at 380-381 (2) (where the Notice to Contractor disclosed the information required under OCGA § 10-7-31, the notice was not fatally defective under that statute for reason that the notice also stated that it was "being sent in accordance with OCGA § 44-14-361").

[19] See *Gen. Elec.*, supra.

[20] See, e.g., OCGA §§ 10-7-31 (c) (providing that "failure to file a Notice of Commencement under subsection (b) of this Code section shall render the Notice to Contractor requirements of subsection (a) of this Code section inapplicable"); 44-14-361.5 (d) (providing that "failure to file a Notice of Commencement shall render the provisions of this Code section inapplicable"); accord *Bank of Dawson v. Worth Gin Co.*, 295 Ga. App. 256, 258 (671 SE2d 279)

ing inapplicable the notice-to-contractor requirements as it urges;[21] and case law relied upon by Consolidated does not control this case to an outcome in Consolidated's favor.[22]

The evidence discloses without dispute that Consolidated failed to comply with the cited statutory provisions, thereby failing to avail itself of the statutory remedies. "[Consolidated] could have ensured that it received compensation for the materials it provided by giving [statutory] notice to the contractor that it was supplying the materials for the contractor's project. It did not do so, and it cannot escape the consequences of its failure."[23] As there was no genuine issue of material fact remaining, the trial court properly granted summary judgment to Genoa and Westfield.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

---

(2008) (concerning language of Georgia's Uniform Commercial Code explicitly providing for circumstances where buyer is "without knowledge").

[21] See generally *Gen. Elec.*, supra at 385 (rejecting argument that supplier, by prior course of dealing on earlier project, had waived right to object to deficiency in Notice of Commencement). Compare *Rey Coliman Contractors v. PCL Constr. Svcs.*, 296 Ga. App. 892, 896 (676 SE2d 298) (2009) (holding that, although OCGA § 44-14-361.5 explicitly relieves a subcontractor from compliance with its provisions when the contractor fails to comply with certain specific notice requirements, nothing in the statute can be construed to render its provisions inapplicable to the subcontractor solely because the contractor failed to post a copy of the Notice of Commencement) with *Beacon Med. Products*, supra at 621 (construing "[t]he failure to file a Notice of Commencement" language as provided in OCGA § 44-14-361.5 (d) as applying when there has been a *total* failure to file a Notice of Commencement at the time when a materialman must give a written Notice to Contractor to perfect its lien under subsection (a), thus rejecting argument that contractor's failure to timely file a Notice of Commencement in accordance with the 15-day deadline imposed by OCGA § 44-14-361.5 (b) amounted to a fatal defect that relieved materialman from its duty to give a Notice to Contractor).

[22] See, e.g., *J. H. Morris Bldg. Supplies v. Brown*, 245 Ga. 178 (264 SE2d 9) (1980) (interpreting former Code Ann. § 67-2002, which concerned the claim of lien — and not the Notice to Contractor); *Southern Elec. Supply Co. v. Trend Constr.*, 259 Ga. App. 666, 667-671 (1) (578 SE2d 279) (2003) (construing language of former OCGA § 36-82-104 (b) (1) requiring a supplier to give "written notice" to the contractor that stated the amount claimed and the name of the party to whom the material was furnished or supplied, so as to conclude that faxed invoices complied with the statute, given that the Georgia act giving materialmen the right to sue on the contractor's bond on public works projects is a remedial law and therefore is to be liberally construed to secure that object); *J. Kinson Cook, Inc.*, supra at 870-871 (1) (recognizing that a former Code section governing payment bonds on public works projects was enacted for the benefit of materialmen and sub-subcontractors and therefore should be liberally construed to secure that object, nevertheless applying general rules of statutory construction to resolve statutory ambiguity against sub-subcontractor). See further Ga. L. 1993, pp. 1008-1012 (amending Part 3 of Article 8 of Chapter 14 of Title 44 of the OCGA, "relating to mechanics and materialmen's liens," by adding "a new Code Section 44-14-361.5," so as, inter alia, "to require the Notice to Contractor to contain certain information."

[23] *Beacon Med. Products*, supra at 623 (citation and punctuation omitted). See generally *AmeriBank v. Quattlebaum*, 269 Ga. 857, 859-860 (505 SE2d 476) (1998) (finding that debtor's actual knowledge of confirmation proceedings did not cure the failure to comply with the statute as to confirmation, and declining to sanction substantial compliance or to adopt a harmless error rationale because, while such a statutory departure may not have resulted in injustice in that case, it would open door for abuse in the future).

DECIDED FEBRUARY 10, 2010.

*Vaughn, Wright & Boyer, Frederick L. Wright II*, for appellant.
*Sutherland, W. Henry Parkman, Peter H. Strott*, for appellees.