## A11A0833. SOUTHEAST CULVERT, INC. v. HARDIN BROTHERS, LLC.

(718 SE2d 28)

DOYLE, Judge.

In an action for foreclosure on a materialman's lien, Southeast Culvert, Inc. ("Southeast"), a building materials supplier, appeals from the trial court's grant of summary judgment to Hardin Brothers, LLC ("Hardin"), a property owner and general contractor. Specifically, Southeast contends that the trial court erred by (1) improperly applying OCGA § 44-14-361.5, and (2) overlooking a factual dispute in the record. Discerning no error, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that in April 2007, Hardin obtained a land disturbance permit for a construction project in Forsyth County. In May 2007, Hardin hired Sterling Concepts Grading, Inc. ("Sterling"), to perform clearing, grading, and underground pipe installation. At the same time, Sterling subcontracted with Cousins Excavation, LLC ("Cousins"), to complete the pipe installation.[2]

Southeast supplied piping materials to Cousins, with its first delivery occurring on June 5, 2007, and Cousins began work at the site on or around that date. In June 2007, Southeast invoiced Cousins for $48,912.70 worth of material Southeast had delivered. On June 28, 2007, Hardin filed a Notice of Commencement pursuant to OCGA § 44-14-361.5 (b).

In October 2007, Southeast received its first payment of $10,000 from Cousins toward the June 2007 invoice. In December 2007, Southeast delivered more materials to the site and received addi-

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] It is undisputed for purposes of this appeal that Sterling fully paid Cousins for its work at the site.

tional partial payment from Cousins toward the June invoice. By March 2008, Cousins's outstanding balance was $32,122.66, and on June 12, 2008, Southeast filed a materialman's claim of lien beginning in March 2008 for the outstanding balance pursuant to OCGA § 44-14-361.5. Southeast never filed a Notice to Contractor.

Hardin, the property owner and general contractor, responded to the action and moved for summary judgment on the ground that Southeast had failed to provide a Notice to Contractor as required by the lien statute. The trial court granted the motion, and this appeal followed.

1. Southeast contends that the trial court misapplied OCGA § 44-14-361.5 by concluding that Southeast's obligation to provide a Notice to Contractor was applicable despite the fact that Hardin's Notice of Commencement was not filed within 15 days of commencing work, as required by the Code section. We disagree.

OCGA § 44-14-361.5 provides as follows, in relevant part:

> (a) To make good [certain materialman] liens . . . , *any person having a right to a lien* who does not have privity of contract with the contractor and is providing . . . materials for the improvement of property *shall, within 30 days from the filing of the Notice of Commencement or 30 days following the first delivery of labor, services, or materials to the property, whichever is later, give a written Notice to Contractor* . . . to the owner or the agent of the owner and to the contractor *for a project on which there has been filed with the clerk of the superior court a Notice of Commencement. . . .*
>
> (b) Not later than 15 days after the contractor physically commences work on the property, a Notice of Commencement shall be filed by the owner, the agent of the owner, or by the contractor with the clerk of the superior court in the county in which the project is located. . . .
>
> (d) The failure to file a Notice of Commencement shall render the provisions of this Code section inapplicable. . . .[3]

The lien statute is in derogation of common law and must therefore "be strictly construed in favor of the property owner and against the materialman."[4]

Southeast relies on subsection (d) of OCGA § 44-14-361.5, which relieves it of its obligation to provide a Notice to Contractor if there

---

[3] (Emphasis supplied.)

[4] (Punctuation omitted.) *Beacon Med. Products v. Travelers Cas. &c. of America*, 292 Ga. App. 617, 619 (665 SE2d 710) (2008).

has been a "failure to file a Notice of Commencement." Here, the work began at the site on or around the time of Southeast's first delivery on June 5, 2007, and the Notice of Commencement was filed on June 28, 2007, approximately eight days after the statutory fifteen-day filing period expired. This Court has held that "OCGA § 44-14-361.5 (a) and (d) do not require the filing of a Notice of Commencement within the 15-day deadline as a general condition to [the requirement to provide] a Notice to Contractor."[5] Accordingly, we agree with the trial court's conclusion that the eight-day delay in filing the Notice of Commencement did not relieve Southeastern of its obligation to provide a Notice to Contractor. It is undisputed that this was "a project on which there ha[d] been filed with the clerk of the superior court a Notice of Commencement," so the notice requirement in subsection (a) was applicable to Southeast.[6] The reference in subsection (d) to the failure to file a Notice of Commencement "applies when there has been a *total* failure to file a Notice of Commencement at the time when a materialman must give a written Notice to Contractor to perfect its lien under subsection (a)."[7] There was no such total failure to file a Notice of Commencement here, merely an untimely filing. Nothing in subsection (d) creates a timeliness component,[8] and absent a clear legislative directive, we decline to do so here in light of the requirement to construe the Code section strictly.[9]

2. Southeast also contends that the trial court erred by granting summary judgment despite a factual issue as to whether the Notice of Commencement contained a fatal defect, which would relieve Southeast's obligation to provide a Notice to Contractor. We disagree.

OCGA § 44-14-361.5 (b) requires that a Notice of Commencement contain certain information, including the name of the contractor and the location of the project. Southeast correctly argues

---

[5] Id. at 621.

[6] Id.

[7] (Emphasis in original.) Id.

[8] Compare OCGA § 44-14-361.5 (b) ("The contractor shall be required to give a copy of the Notice of Commencement to any . . . materialman . . . who makes a written request of the contractor. *Failure to give a copy of the Notice of Commencement within ten calendar days of receipt of the written request . . . shall render the provision of this Code section inapplicable* to the . . . materialman . . . making the request.") (emphasis supplied).

[9] See *Beacon Med. Products*, 292 Ga. App. at 621. See also *Rey Coliman Contractors, Inc. v. PCL Constr. Svcs.*, 296 Ga. App. 892 (1) (676 SE2d 298) (2009) (strictly construing the statute and concluding that a technical violation of the Notice of Commencement requirement did not render the statute inapplicable under subsection (d) because there was not a failure to file the Notice). Dicta in *Beacon* discusses a scenario in which a materialman supplies materials on or near the same date that work commences, and the contractor has not yet filed a Notice of Commencement. Nevertheless, that discussion is not controlling nor is it directly applicable to the specific facts presented here. See *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008).

that this Court has held that if the contractor files a Notice of Commencement containing a fatal defect, such as omitting the legal description or failing to name the owner of the property, the lien claimant is relieved of its obligation to provide a Notice to Contractor.[10] Here, Southeast argues that the record contains a factual dispute as to whether the Notice correctly listed the property location, which is required under OCGA § 44-14-361.5 (b) (2). The Notice of Commencement listed the property address as 795 Union Hill Road. Southeast points to two pre-construction forms filled out by Hardin — a notice of intent to proceed under a general storm water discharge permit and a general permit fee form — both of which list the property address as 905 Union Hill Road. This, Southeast argues, created an issue of fact as to whether the Notice of Commencement accurately described the property location.

In support of its motion for summary judgment, Hardin, which owns the property, filed two affidavits: one from its manager, Michael Hardin, and one from Scott Padis, the CEO of Sterling, the grading company that performed work at the site. Both affiants attest that the correct property address is 795 Union Hill Road, i.e., the same address listed in the Notice of Commencement and the same address listed in Southeast's own lien claim.

We conclude that the trial court correctly ruled that Southeast failed to meet its burden on summary judgment. "Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the non-movant, who must then come forward with rebuttal evidence *sufficient to show the existence of a genuine issue of material fact.*"[11] Hardin has established by reference to affidavits from the property owner and a subcontractor performing work at the site that the property address was 795 Union Hill Road, as listed in the Notice of Commencement. This is not a case where an actual dispute exists as to where Southeast delivered its materials or where the project site was located. Based on the record before us, Southeast failed to meet its burden to show that the site address listed in the Notice of Commencement was incorrect or otherwise fatally deficient. Accordingly, this enumeration is without merit.

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

---

[10] See *Gen. Elec. Co. v. North Point Ministries*, 289 Ga. App. 382, 384-385 (657 SE2d 297) (2008).

[11] (Emphasis supplied; punctuation omitted.) *Northside Bldg. Supply Co. v. Foures*, 201 Ga. App. 259 (411 SE2d 87) (1991).

DECIDED OCTOBER 4, 2011 —
RECONSIDERATION DENIED OCTOBER 20, 2011 —

*Moskowitz & Martin, Neil A. Moskowitz,* for appellant.
*Neville & Cunat, John R. Neville, Barrickman, Allred & Young,
Fredric S. Young,* for appellee.