A07A1002. DEKALB COUNTY et al. v. BUCKLER et al.
(654 SE2d 193)

ADAMS, Judge.

The DeKalb County Historic Preservation Commission (HPC) denied an application by Robert H. Buckler and H. Anthony McCullar for a certificate of appropriateness for their plans to subdivide property in the Druid Hills Historic District in Atlanta. The DeKalb County Board of Commissioners (BOC) upheld the decision, but on writ of certiorari, the Superior Court of DeKalb County held that the HPC's decision was void because the HPC did not have seven members at the time as required by the DeKalb County ordinance that established it. The superior court therefore granted Buckler and McCullar's motion for partial summary judgment, and this Court granted an application for discretionary appeal filed by the county and the BOC. We reverse because the applicable ordinance does not provide that failure to have seven members shall render HPC decisions void and because the ordinance provides that members shall serve until their successors are appointed and qualified.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

Construed in favor of the respondents, the facts in the record show that on February 9, 2004, Buckler and McCullar purchased the property in dispute: three adjacent lots totaling 4.6 acres of land located on Clifton Road in the historic district. After purchasing the property, they obtained a certificate of appropriateness for a plan to subdivide the three lots into five in a manner that included driveways for each lot. Certificates of appropriateness are necessary to alter lot lines within the Druid Hills Historic District. After development in accordance with that certificate ran into opposition, Buckler and McCullar submitted an application for a certificate of appropriateness for two alternate plans for re-platting the same property. These plans also provide for five lots, though with different configurations.[1] The matter of the application was noticed for a public hearing before the HPC on December 19, 2005.

At the time, there were four active members serving on the HPC. All four were present for the hearing, and three voted against the application with one member abstaining. On December 22, 2005, the HPC issued an official "Notice of Denial," in which it concluded that both plans submitted by Buckler and McCullar would have a substantial adverse effect on the aesthetic, historic or cultural significance and value of the historic district. The BOC affirmed the decision. Buckler and McCullar then petitioned the Superior Court of DeKalb County for a writ of certiorari, as well as for mandamus and declaratory and equitable relief, in which they challenged the decisions below on several grounds.

In superior court, Buckler and McCullar moved for partial summary judgment on two issues: (1) the HPC decision was void because the HPC did not have the required seven members when it rendered the decision; and (2) the hearing was not properly noticed because the application was considered at 1:20 a.m. on the day following the originally scheduled hearing date. The superior court held that the lack of a seven-member HPC voided the HPC's decision. The court reasoned that the DeKalb County Code provision stating that "the commission shall consist of seven members" is mandatory, and therefore the lack of three members rendered the commission

[1] One plan proposed five fan-shaped lots facing Clifton Road, while the other proposed one lot facing the street and four lots facing a new cul-de-sac street.

legally deficient. Because the HPC's decision was void, Buckler and McCullar's application was automatically approved after 45 days. This Court granted DeKalb County's and the BOC's application for discretionary appeal of that decision.

The Georgia Historic Preservation Act requires that a local governing body enacting an ordinance for the protection, enhancement, perpetuation, or use of historic properties or historic districts "shall" establish a historic preservation commission and that it "shall determine" the number of members of its commission, "which shall be at least three." OCGA § 44-10-24 (a). DeKalb County chose to establish such a commission when it enacted the DeKalb County Historic Preservation Ordinance. Section 13.5-3 of the ordinance states that the preservation commission "shall consist of seven (7) members, each of whom shall serve a maximum of two (2) consecutive three-year terms." The same section also provides that "[m]embers shall serve until their successors are appointed and qualified"; the HPC bylaws include a similar provision.

According to the HPC bylaws, "[d]ecisions of the preservation commission shall be by a majority of those members present and voting, a quorum being present." Both the DeKalb ordinance and the bylaws state that "[a] quorum shall consist of a majority of the members." Finally, both the ordinance and the Historic Preservation Act provide that if the HPC fails to act within 45 days of an application for a certificate of appropriateness, the application shall be deemed approved, and a certificate must be issued. See OCGA § 44-10-28 (d).

In Georgia, "[a] substantial compliance with any statutory requirement, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law." OCGA § 1-3-1 (c). This can be so even if the statutory requirement is expressed with the word "shall." See, e.g., *Thebaut v. Ga. Bd. of Dentistry*, 235 Ga. App. 194 (509 SE2d 125) (1998). In *Thebaut*, this Court upheld an agency decision despite the fact that the decision was procedurally deficient. In that case, a dentist argued that the Georgia Board of Dentistry's administrative proceeding against him was invalid because the Board failed to comply with OCGA § 50-13-17 (c), which mandated that each agency "shall" render a final decision within 30 days. Although the Board's decision was rendered considerably later than the 30-day mandate, this Court followed OCGA § 1-3-1 (c) and held that the statute at issue did not explicitly state that invalidation was the penalty for noncompliance. This Court added that "in the absence of injury to the defendant and in the absence of a penalty for failure to comply with the statute, 'shall' denotes simply futurity rather than a command." (Punctuation and

footnote omitted.) Id. at 195 (1). See also *Classic City Bonding Co. v. State of Ga.*, 256 Ga. App. 577 (568 SE2d 834) (2002) (where statute requiring notification within ten days following an event contained no penalty for failure to comply, two-days-late notice constituted substantial compliance; if the General Assembly intended strict compliance, it would have been expressed in the statute). Compare *McClure v. Davidson*, 258 Ga. 706, 710 (3) (373 SE2d 617) (1988) (OCGA § 36-66-2 implies that legislature intended for courts to invalidate zoning decisions in which notice of an upcoming hearing was not given).

Here, neither the Historic Preservation Act nor the DeKalb County ordinance provides that failure to have seven active members on the HPC invalidates an HPC decision. Both the ordinance and the bylaws provide that members serve until their successors are appointed and qualified, and there is no evidence in the record that any missing members are incapable of serving. In fact, Buckler and McCullar concede that the HPC was comprised of seven members at one time: "it [has] been four years since the County had a HPC consisting of the mandated number of members." Whoever the missing members are, the ordinance and bylaws provide that they continue to serve.

Nor do we find harm in the fact that the HPC was not comprised of seven active members at the time of the decision even though a quorum was present. Buckler and McCullar still may challenge the decision on other grounds, including that the HPC did not apply proper standards when making the decision. Nor have Buckler and McCullar shown harm based on the argument that the ordinance provides that "[a]t least a majority of [the] members shall be licensed architects, landscape architects, or interior designers or professionals in the fields of history, architectural history, planning or archaeology." DeKalb County Historic Preservation Ordinance, Sec. 13.5-3. The quorum requirement is silent regarding which members must attend a meeting.

The trial court therefore erred as a matter of law by concluding that the HPC's decision was not valid because the HPC was not properly constituted. At the hearing on Buckler and McCullar's application for a certificate of appropriateness, a quorum was present and a majority of that quorum voted to deny the applications. The grant of partial summary judgment must therefore be reversed. The merit of Buckler and McCullar's remaining arguments regarding the HPC's decision must await further proceedings consistent with this opinion. See generally *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002).

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 9, 2007 —

*Melanie F. Wilson*, for appellants.

*Roberts & Daughdrill, Brian E. Daughdrill*, for appellees.

*Bondurant, Mixson & Elmore, Michael B. Terry, Robert H. Benfield, Jr., James F. Grubiak, Susan J. Moore, Susan M. Garrett*, amici curiae.