## A08A0709. HARRIS VENTURES, INC. v. MALLORY & EVANS, INC. et al.

### (662 SE2d 874)

BERNES, Judge.

Harris Ventures, Inc. ("Harris") filed this action on a material-man's lien discharge bond against Mallory & Evans, Inc. ("Mallory") and Travelers Casualty and Surety Company of America, Inc. ("Travelers"), seeking to recover payment allegedly owed for labor that Harris supplied to the Emory Johns Creek Hospital project. The parties filed cross-motions for summary judgment. The trial court denied Harris's motion and granted summary judgment to appellees, ruling that Harris's materialman's lien was unenforceable because Harris failed to perfect its lien rights by sending a Notice to Contractor pursuant to OCGA § 44-14-361.5 (a), (c). Harris appeals, arguing that its duty to send a Notice to Contractor did not arise because the Notice of Commencement filed by the Project owner's contractor was legally deficient. For the reasons that follow, we reverse the grant of summary judgment to appellees, vacate the trial court's order denying Harris's motion for summary judgment and remand this case to the trial court for additional proceedings.

"Summary judgment is proper where the movant shows no genuine issue of material fact exists and entitlement to summary judgment as a matter of law." *Lane Supply v. W. H. Ferguson & Sons*, 286 Ga. App. 512, 513 (649 SE2d 614) (2007). See OCGA § 9-11-56 (c). On appeal, we review a summary judgment ruling de novo. *Lane Supply*, 286 Ga. App. at 513.

The evidence in this case shows that work on the Project commenced in February 2005. The owner of the Project was EHCA Dunwoody, LLC. On May 13, 2005, the Project's general contractor filed a Notice of Commencement pursuant to OCGA § 44-14-361.5 (b).[1] The Notice of Commencement erroneously identified the Project's owner as "EHCA John's Creek, LLC" and did not include

---

[1] That statute requires that,

[n]ot later than 15 days after the contractor physically commences work on the property, a Notice of Commencement shall be filed by the owner, the agent of the owner, or by the contractor with the clerk of the superior court in the county in which the project is located. . . . The Notice of Commencement shall include: (1) [t]he name, address, and telephone number of the contractor; (2) [t]he name and location of the project being constructed and the legal description of the property upon which the improvements are being made; (3) [t]he name and address of the true owner of the property; (4) [t]he name and address of the person other than the owner at whose instance the improvements are being made, if not the true owner of the property; (5) [t]he name and the address of the surety for the performance and payment bonds, if any; and (6) [t]he name and address of the construction lender, if any.

a legal description of the Project in accordance with OCGA § 44-14-361.5 (b) (2), (3).

Harris commenced work for improvements on the Project in July 2005. It supplied labor on account to Henderson Mechanical Contractors, Inc., a subcontractor of Mallory. Harris failed to provide a Notice to Contractor in accordance with OCGA § 44-14-361.5 (a), (c).[2]

At some point, Henderson ceased paying Harris for services rendered and Harris filed a claim of lien against the Project.[3] Mallory and Travelers recorded, as principal and surety respectively, a lien discharge bond under OCGA § 44-14-364. Harris subsequently filed a lawsuit and obtained a default judgment against Henderson. When payment was not forthcoming, Harris filed the instant lawsuit, asserting a claim against the lien discharge bond.

The parties filed cross-motions for summary judgment. Appellees asserted that Harris was not entitled to payment because it failed to perfect its lien by providing a Notice to Contractor in accordance with OCGA § 44-14-361.5 (a), (c). Harris asserted that its duty to file the Notice to Contractor was obviated because the Notice of Commencement was untimely and fatally deficient under OCGA § 44-14-361.5 (b).[4] The trial court ruled that the Notice of Commencement substantially complied with OCGA § 44-14-361.5 (b), triggering Harris's duty to provide a Notice to Contractor, and held that Harris's failure to do so invalidated its lien as a matter of law. This appeal followed.

1. This case is directly controlled by our recent decision of *Gen. Elec. Co. v. North Point Ministries*, 289 Ga. App. 382 (657 SE2d 297) (2008). In that case, we held that the failure to correctly identify the

---

[2] That statute provides that,
any person having a right to a lien who does not have privity of contract with the contractor and is providing labor, services, or materials for the improvement of property shall, within 30 days from the filing of the Notice of Commencement or 30 days following the first delivery of labor, services, or materials to the property, whichever is later, give a written Notice to Contractor . . . to the owner or the agent of the owner and to the contractor for a project on which there has been filed with the clerk of the superior court a Notice of Commencement. . . .
OCGA § 44-14-361.5 (a). The Notice to Contractor must contain
(1) [t]he name, address, and telephone number of the person providing labor, services, or materials; (2) [t]he name and address of each person at whose instance the labor, services, or materials are being furnished; (3) [t]he name . . . and location of the project set forth in the Notice of Commencement; and (4) [a] description of the labor, services, or materials being provided and, if known, the contract price or anticipated value of the labor, services, or materials to be provided.
OCGA § 44-14-361.5 (c).

[3] The trial court noted in its order that Henderson went into bankruptcy during the pendency of the Project.

[4] OCGA § 44-14-361.5 (d) provides that the failure to file a Notice of Commencement renders the statutory provisions requiring the filing of a Notice to Contractor inapplicable.

true owner of the property upon which improvements are being made and the failure to include a legal description of that property renders a Notice of Commencement fatally deficient. Id. at 384-385. Here, it is undisputed that the Notice of Commencement filed by the general contractor contained each of those defects. Consequently, the Notice of Commencement did not comply with the basic requirements of OCGA § 44-14-361.5 (b), and relieved Harris of its obligation to provide a Notice to Contractor. Id. at 386. The trial court's grant of summary judgment to appellees was thus erroneous.[5]

2. Harris also argues that the trial court erred in denying its motion for summary judgment. Appellees presented the trial court with lien waivers signed by Henderson in an attempt to dispute the amount owed to Harris, and Harris contends that the waivers are not competent evidence that can be considered for purposes of summary judgment. Appellees did not address the merits of Harris's summary judgment motion in its brief to this Court, noting instead that the trial court had not ruled on the issue. Indeed, the trial court did not consider the merits of Harris's summary judgment motion or the evidentiary issues that it presented, but instead denied Harris's motion as a consequence of its grant of summary judgment to appellees. We have concluded that the grant of summary judgment to appellees was based upon the erroneous legal conclusion that Harris's failure to file a Notice to Contractor barred its claim for payment. Under these circumstances, we vacate the trial court's denial of summary judgment to Harris and remand this case to the trial court for its consideration of the motion on its merits. See *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002); *Henson v. Tucker*, 278 Ga. App. 859, 865-866 (3) (630 SE2d 64) (2006).

*Judgment reversed in part and vacated in part, and case remanded. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JUNE 5, 2008

*McCorkle & Johnson, David H. Johnson*, for appellant.
*Miles & Tallant, Kevin J. Tallant*, for appellees.

---

[5] Because we hold that the substance of the Notice of Commencement was legally deficient, we need not consider the separate issue of the untimely nature of the Notice of Commencement. See OCGA § 44-14-361.5 (b).