A09A0451. BUCKLER et al. v. DeKALB COUNTY BOARD OF
COMMISSIONERS et al.

(683 SE2d 22)

ELLINGTON, Judge.

Robert H. Buckler and H. Anthony McCullar ("the developers") appeal from the Superior Court of DeKalb County's order denying their motion for partial summary judgment in their suit against DeKalb County, the members of the DeKalb County Board of Commissioners, and the members of the DeKalb County Historical Preservation Commission (collectively, "the county").[1] The developers contend that the court applied the wrong standard of review when it reviewed the county's actions in designating a historic district within the county under Georgia's Historic Preservation Act ("HPA"), OCGA § 44-10-20 et seq., and that, as a result, the court erred when it found that the designation of the historic district was valid. They also argue that, by denying their request to develop their property in a manner that was inconsistent with the requirements of the historic district, the county violated their constitutional rights. For the following reasons, we affirm.

This is the third appeal to this Court from the trial court's orders in this land-use litigation involving the Druid Hills Historic District.[2] In March 2006, the developers filed a petition for writ of certiorari and a complaint for mandamus and a declaratory judgment with the trial court, seeking an order compelling the county to issue them a certificate of appropriateness ("COA") for their proposed development and seeking a ruling that the county's designation of the

---

[1] In the same order, the court implicitly granted the county's motion for partial summary judgment on Counts 2 and 3 of the developers' complaint. Therefore, the order is directly appealable. OCGA § 9-11-56 (h).

[2] Other facts and the procedural history of the case are presented in this Court's previous opinions and will not be restated here. See *DeKalb County v. Buckler*, 288 Ga. App. 346 (654 SE2d 193) (2007), cert. denied, *Buckler v. DeKalb County*, 288 Ga. App. 907 (2008); *Buckler v. DeKalb County*, 290 Ga. App. 190 (659 SE2d 398) (2008), cert. denied, *DeKalb County v. Buckler*, 290 Ga. App. 905 (2008).

historic district was invalid.[3] Both the developers and the county moved for partial summary judgment on these claims. The court dismissed the mandamus action[4] and denied the developers' motion on the declaratory judgment claim. The court ruled that the proper standard of review of the county's actions in designating the historic district was whether the county "substantially complied" with the statutory requirements for doing so. Applying that standard, the court found that the evidence presented showed that the county had, in fact, substantially complied with the applicable statutory requirements and, therefore, the designation of the historic district was valid. Based upon such finding, the court implicitly granted summary judgment to the county on the declaratory judgment claim, and the developers appeal from the court's order.

1. The developers contend that the court applied the wrong standard of review ("substantial compliance") when determining whether the county complied with the applicable statutory requirements when it adopted the ordinance which designated the historic district. They argue that, in order to protect their property rights, the court should have applied a "strict compliance" standard when reviewing the county's actions. We disagree.

The General Assembly adopted the HPA to establish a uniform procedure for use by counties and municipalities in enacting ordinances protecting, inter alia, districts which have special historical value. OCGA § 44-10-21 (legislative purpose of the HPA). As the trial court noted in its order, however, the HPA does not contain a provision which states that a county's failure to strictly comply with any or all of the prescribed procedures when enacting an ordinance designating a historic district would automatically invalidate the district.

Under OCGA § 1-3-1 (c), "substantial compliance with any statutory requirement, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law."[5] Further, "although 'shall' ordinarily is a word of command, in the absence of injury to the defendant and in the absence of a penalty for failure to comply with the statute, 'shall' denotes simple futurity rather than a command." (Citation, punctuation and footnote omit-

---

[3] The developers subsequently amended their complaint to add a claim for damages.

[4] The developers do not challenge the court's dismissal of the mandamus claim.

[5] See *Hart v. Columbus*, 125 Ga. App. 625, 631 (2), 634-635 (4), (5) (188 SE2d 422) (1972) (applying the substantial compliance standard when reviewing government officials' actions in adopting ordinances that provided for an unusual method of ad valorem taxation; this Court found that, under the standard, the ordinances were validly adopted pursuant to the applicable statutes, and it rejected the appellants' claims that the ordinances violated their constitutional rights).

ted.) *Thebaut v. Ga. Bd. of Dentistry*, 235 Ga. App. 194, 195 (1) (509 SE2d 125) (1998).

Thus, because the HPA does not expressly provide that a county's failure to strictly comply with the Act's uniform procedures invalidates an ordinance adopted thereunder, and because the developers have failed to demonstrate that they were harmed by the county's alleged failure to strictly comply with the procedures,[6] the ordinance is valid as long as the county substantially complied with the provisions of the HPA.[7] *Thebaut v. Ga. Bd. of Dentistry*, 235 Ga. App. at 195 (1). Accordingly, the court did not err in applying the "substantial compliance" standard of review in this case.

2. The developers also contend that the court erred in finding that the county substantially complied with the provisions of the HPA and the county's ordinances when creating the historic district and, as a result, erred in finding that the designation of the historic district was valid. Specifically, they complain that the county failed to have the appropriate official execute a final version of the ordinance which designated the historic district,[8] failed to show the historic district's boundaries on the county's official zoning map,[9] failed to mail notices to all property owners,[10] and failed to list the names of all property owners in the ordinance.[11]

"Municipal ordinances are entitled to a presumption of validity, and will be sustained unless clearly invalid. This presumption of the validity of ordinances is established case law in Georgia." (Citations and punctuation omitted.) *Hart v. Columbus*, 125 Ga. App. 625, 632 (3) (188 SE2d 422) (1972).

(a) The record shows that the county enacted an ordinance designating the Druid Hills Historic District on June 25, 1996, and that this ordinance was signed by the county's chief executive officer. The record also shows that, following a public hearing on December 12, 2000, the county voted to exclude one subdivision from the historic district but to otherwise redesignate the area as a historic district. Pursuant to Section 15 (a) of the DeKalb County Organiza-

---

[6] See Division 2 (c), infra.

[7] This conclusion is consistent with this Court's ruling in *DeKalb County v. Buckler*, 288 Ga. App. at 348, in which we found that the county's denial of the developers' application for a COA was proper, even though the county's Historic Preservation Commission ("HPC") did not have seven members at the time, as required by Section 13.5-3 of the DeKalb County Code. This Court held that, in the absence of a provision in the code which stated that the failure to have seven members on the HPC invalidated an HPC decision, the county's substantial compliance with the HPA and the DeKalb County Code was sufficient. Id. at 349.

[8] See DeKalb County Organizational Act § 15 (veto power of the chief executive).

[9] See OCGA § 44-10-26 (a) (1); DeKalb County Code § 13.5.7 (5) (a).

[10] See OCGA § 44-10-26 (b) (2); DeKalb County Code § 13.5.7 (6).

[11] See OCGA § 44-10-26 (a) (2), (a) (3); DeKalb County Code § 13.5.7 (5) (b), (5) (c).

tional Act, the presiding officer and the clerk of the DeKalb County Board of Commissioners both signed the official record showing that the Board had approved the redesignation of the historic district. Although the county has conceded that it does not have a copy of the ordinance redesignating the district which shows that the ordinance was signed by the county's chief executive officer, Section 15 (b) of the DeKalb County Organizational Act provides that, "[i]f the chief executive does not approve or veto an ordinance or resolution within eight (8) business days after its adoption by the commission, it shall become effective without the chief executive's approval."

Even though there is no proof in the record that the county's chief executive officer signed the resolution, there is also no evidence in the record that the officer vetoed the ordinance. Thus, the record supports the court's finding that the 2000 ordinance was valid.

(b) Regarding the remaining procedural oversights cited by the developers, the county presented evidence regarding the recordation of the district's boundaries on the county's official zoning maps, as well as the methods used to identify property owners prior to the proposed designation of the district and the fact that the county mailed written notices to 2,865 owners and occupiers of the property. In addition, the county placed legal notices in the newspaper and posted numerous signs in the area announcing the proposed action.[12] We find that the record supports the court's conclusion that the county substantially complied with the statutory notice requirements at the time it enacted the 2000 ordinance designating the historic district.

(c) Moreover, the record shows that, when the developers purchased the property at issue in 2004, they knew that the property was located within the Druid Hills Historic District and was subject to the district's restrictions on development.[13] Therefore, the developers have failed to show that they were denied due process or otherwise harmed by any of the claimed notice deficiencies in the county's designation of the historic district in 2000.

---

[12] See generally *DeKalb County v. Pine Hills Civic Club*, 254 Ga. 20, 20-21 (1) (326 SE2d 214) (1985) ("Notice by publication of a rezoning hearing to be held by a governing authority of a county is proper and adequate insofar as the requirements of procedural due process and equal protection are concerned. Such notice by publication puts all parties, wherever located, on notice that a public hearing will be held at the stated time and place before the governing authority which is considering an application to rezone land under the jurisdiction of the governing authority. [Thus,] notice by publication is all that affected property owners are entitled to, and . . . their legal or constitutional rights are not violated by the rezoning of property when such notice by publication is given.") (citation and punctuation omitted).

[13] In fact, the record shows that the developers initially petitioned the county for a COA in 2004. While the parties litigated the rulings on that petition, the developers filed an alternate request for a COA for the same property in 2005, the denial of which ultimately resulted in the instant suit.

3. To the extent the developers argue that the county violated their constitutional rights by refusing to allow them to develop their property in a manner that is inconsistent with the requirements of the historic district, thus effecting an unconstitutional taking of their property, they failed to elicit a ruling by the trial court on any constitutional issue.[14] Therefore, they have waived any alleged constitutional error. *Singleton v. Dept. of Human Resources*, 263 Ga. App. 653, 654 (1) (a) (588 SE2d 757) (2003) ("[U]nless ruled upon by the trial court, constitutional issues cannot be reviewed on appeal, because the appellate court lacks jurisdiction to consider a constitutional issue not ruled upon by the trial court.") (citation omitted).

4. Finally, the developers' motion to strike the county's brief as untimely is denied.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 13, 2009 —
RECONSIDERATION DENIED JULY 30, 2009

*Roberts & Daughdrill, Brian E. Daughdrill, Hasty Pope, Marion T. Pope*, for appellants.

*Duane D. Pritchett, Michael J. Lober, Melanie F. Wilson*, for appellees.

*Linda I. Dunlavy*, amicus curiae.

---

[14] Although the developers originally filed this appeal with the Supreme Court of Georgia based upon their assertion that their constitutional rights had been violated, the Court transferred the appeal to this Court based upon the absence of an express ruling by the trial court on any constitutional issue. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1) (the Supreme Court of Georgia has exclusive appellate jurisdiction over cases involving the construction of the state constitution or the constitutionality of a law, ordinance or constitutional provision); *City of Decatur v. DeKalb County*, 284 Ga. 434, 436 (1) (668 SE2d 247) (2008) (in order to invoke the Supreme Court's jurisdiction, the appellate record must show that the trial court specifically ruled upon a constitutional question that is within the Court's exclusive jurisdiction).