### A10A2187. GEORGIA PRIMARY BANK v. ATLANTA PAVING, INC.
(711 SE2d 409)

DOYLE, Judge.

Georgia Primary Bank appeals the trial court's order granting summary judgment in favor of Atlanta Paving, Inc. ("Atlanta Paving"), on its complaint to foreclose upon a materialman's lien. We affirm, for reasons that follow.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[1] "Our review is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[2]

So viewed, the undisputed facts show that on or about August 22, 2007, Atlanta Paving entered into an agreement with Genuine Property Solutions, LLC ("GPS"), to provide construction labor, materials, and equipment to property owned by BodyPlex Dawsonville Real Estate, LLC ("BodyPlex"), as a subcontractor to GPS. On May 30, 2008, BodyPlex entered into an agreement to borrow $1,191,500 from Georgia Primary Bank to repay an existing loan and to fund remaining construction costs on the project. In the agreement, BodyPlex agreed to grant Georgia Primary Bank an interest in the property to secure the loan; Georgia Primary Bank recorded the security deed with the clerk of court on June 10, 2008. Before closing

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] *Little Tallapoosa Dev. v. Baldwin Paving Co.*, 251 Ga. App. 238 (553 SE2d 860) (2001).

on the loan, Georgia Primary ran a title search and found no liens filed against the BodyPlex property. On May 30, 2008, in connection with the loan agreement, the managing member of GPS executed a "Contractor Lien Waiver and Release," which provides in relevant part:

> 2. CONTRACTOR has submitted its Final Application for Payment to Owner for labor and services performed and materials supplied to the PROJECT pursuant to the CONTRACT, including without limitation all "extras." CONTRACTOR has accepted $45,603.21 in full and final payment of all sums due for all work performed on the PROJECT. . . .
>
> 4. CONTRACTOR represents and certifies that no liens have been filed against the PROPERTY by CONTRACTOR or any of CONTRACTOR's laborers, subcontractors, or materialmen who have directly or indirectly furnished labor, services, equipment, rentals, or materials to or for the PROJECT under or by virtue of the CONTRACT, or if any such lien has been filed by any laborer, subcontractor, or materialman with whom CONTRACTOR has a dispute, such liens have been satisfied by CONTRACTOR and/or removed of record.
>
> 5. CONTRACTOR represents and certifies that it has been (or will be, upon receipt of the amount described in paragraph 2) paid in full all amounts and bills due for all labor, materials, fixtures and supplies used in making the improvements, and that all contractors, subcontractors, suppliers and laborers have been (or will be, upon receipt of the amount described in paragraph 2) paid in full for all labor furnished, materials furnished, equipment, used, rental tools, appliances, equipment, machinery or services and all other services rendered. CONTRACTOR further states that there are no contracts or subcontracts pending or not completed, that no disputes exist regarding contracts or subcontracts made for the improvements, and that all contract and subcontract prices have been paid in full.

On June 5, 2008, Atlanta Paving filed a claim of lien on the BodyPlex property, alleging that GPS failed to pay Atlanta Paving $29,025.84 for construction work Atlanta Paving provided on the property; the lien was recorded in the Superior Court of Dawson

County on June 5, 2008, and Atlanta Paving mailed a copy of the lien claim to Georgia Primary Bank the same day. On June 30, 2008, Atlanta Paving filed suit against GPS, and a consent judgment in the amount of $33,113.30 was entered in favor of Atlanta Paving on November 10, 2008.

On May 5, 2009, Atlanta Paving filed the instant action to foreclose on the lien against BodyPlex's property. Georgia Primary Bank intervened in the action as an interested party on September 11, 2009. Atlanta Paving and Georgia Primary filed cross-motions for summary judgment, and the trial court granted summary judgment to Atlanta Paving. The trial court concluded in its order that the contractor's affidavit executed by general contractor GPS was insufficient to extinguish Atlanta Paving's lien pursuant to OCGA § 44-14-361.2 and that Atlanta Paving's lien was filed prior to Georgia Primary's lien.

Georgia Primary argues that the trial court erred by granting summary judgment to Atlanta Paving on the grounds that (a) Atlanta Paving's lien was superior to the bank's security deed; and (b) the contractor's affidavit executed by GPS failed to extinguish Atlanta Paving's lien pursuant to OCGA § 44-14-361.2. We disagree.

1. Atlanta Paving's lien constituted a special lien under OCGA § 44-14-361 (a), which provides in relevant part that "all subcontractors and all materialmen furnishing material to subcontractors, . . . and persons furnishing material for the improvement of real estate" "shall each have a special lien on the real estate . . . or other property for which they furnish labor, services, or materials."[3] The Code section further provides:

Each special lien specified in subsection (a) of this Code section may attach to the real estate of the owner for which the labor, services, or materials are furnished if they are furnished at the instance of the owner, contractor, or some other person acting for the owner or contractor and shall include the value of work done and materials furnished in any easement or public right of way adjoining said real estate if the work done or materials furnished in the easement or public right of way is for the benefit of said real estate and is within the scope of the owner's contract for improvements to said real estate.[4]

---

[3] OCGA § 44-14-361 (a) (2).
[4] OCGA § 44-14-361 (b).

OCGA § 44-14-361.1 (c) provides:

> The liens specified in Code Section 44-14-361 shall be inferior to liens for taxes, to the general and special liens of laborers, to the general lien of landlords of rent when a distress warrant is issued out and levied, to claims for purchase money due persons who have only given bonds for titles, and to other general liens when actual notice of the general lien of landlords and others has been communicated before the work was done or materials or services furnished; but *the liens provided for in Code Section 44-14-361 shall be superior to all other liens not excepted by this subsection.*[5]

In Georgia,

> [t]he holder of a security deed takes subject to any claim for materials supplied, of which he has notice, before his security deed is recorded. Where the holder of the security deed takes the security deed with notice of the claim of the lien, it is assumed that he takes the security deed with the knowledge that the materialman has the right to levy on the property in order to obtain payment for the materials supplied.[6]

"OCGA § 44-2-1 requires that a deed conveying land be recorded in the office of the clerk of the superior court in which the land is located."[7] It is well settled that "the filing and recordation of an instrument provides constructive notice to subsequent purchasers of the existence of a prior interest in the property."[8]

Here, Atlanta Paving recorded its lien on June 5, 2008.[9] Georgia Primary did not record its security deed until June 10, 2008. Thus, Atlanta Paving's lien is superior to Georgia Primary's security deed.[10]

2. Georgia Primary argues that the Contractor Lien Waiver and

---

[5] (Emphasis supplied.)

[6] (Citation omitted.) *Gamble v. Pilcher*, 242 Ga. 556, 557-558 (250 SE2d 416) (1978).

[7] *Leeds Bldg. Products v. Sears Mtg. Corp.*, 267 Ga. 300, 301 (1) (477 SE2d 565) (1996).

[8] Id. See also OCGA §§ 44-2-1; 44-2-2 (b) ("Deeds, mortgages, and liens of all kinds which are required by law to be recorded in the office of the clerk of the superior court and which are against the interests of third parties who have acquired a transfer or lien binding the same property and who are acting in good faith and without notice shall take effect only from the time they are filed for record in the clerk's office.").

[9] Georgia Primary does not challenge the sufficiency of Atlanta Paving's lien, nor does it contend that the lien was not properly recorded.

[10] See, e.g., *Palmer v. Forrest, Mackey & Assoc., Inc.*, 251 Ga. 304, 307-308 (2) (304 SE2d 704) (1983).

Release signed by GPS dissolved Atlanta Paving's lien.

OCGA § 44-14-361.2 (a) allows for the dissolution of a material-man's lien only when the lien has been waived by the claimant or the contractor gives a sworn statement that "the agreed price or reasonable value of the labor, services, or materials *has been paid* or waived in writing by the lien claimant."[11] Here, GPS swore that "all contractors, subcontractors, suppliers[,] and laborers have been (*or will* be, upon receipt of the amount described in paragraph 2) *paid in full.* . . ."[12] Thus, on its face, the release signed by GPS was insufficient to satisfy the plain language of the statute, and the affidavit failed to extinguish Atlanta Paving's lien.[13] Accordingly, the trial court did not err by granting summary judgment to Atlanta Paving.

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JUNE 10, 2011.

*Bodker, Ramsey, Andrews, Winograd & Wildstein, Alison Danaceau, Christopher B. Freeman*, for appellant.

*Dyer & Rusbridge, Samuel J. Rusbridge, Alicia M. Argo*, for appellee.

---

[11] (Emphasis supplied.)
[12] (Emphasis supplied.)
[13] See OCGA § 44-14-361.2 (a) (2) (A).