A11A1320. FIDELITY AND DEPOSIT COMPANY OF MARYLAND et al. v. LAFARGE BUILDING MATERIALS, INC.
(720 SE2d 288)

DILLARD, Judge.

Lafarge Building Materials, Inc. ("Lafarge") filed this action on a materialman's lien discharge bond against Talbot Construction, Inc. ("Talbot") and Fidelity and Deposit Company of Maryland ("Fidelity") (collectively, "appellants"), seeking to recover payment for building materials that Lafarge supplied to the Lake Shore Mall project (the "Project"). The parties filed cross-motions for summary judgment, and the trial court denied appellants' motion and granted

---

partial summary judgment to Lafarge, holding that Lafarge's failure to send a Notice to Contractor did not extinguish its lien rights because Talbot's Notice of Commencement was legally deficient. For the reasons discussed infra, we reverse.

Viewed in the light most favorable to the nonmovant,[1] the record shows that in May 2006, Talbot, acting as a general contractor for the Project, filed a timely Notice of Commencement in accordance with OCGA § 44-14-361.5 (b),[2] which contained all of the requisite information save Talbot's telephone number.

Lafarge contracted with a subcontractor, Michael B. Cline d/b/a Clinecrete ("Cline"), to provide building materials to the Project. Lafarge furnished materials that were incorporated into the Project but never sent a Notice to Contractor as required by OCGA § 44-14-361.5 (a), (c).

When Cline failed to pay Lafarge for the materials provided, Lafarge filed a materialman's lien against the Project. In January 2008, Talbot and Fidelity recorded, as principal and surety respectively, a lien-discharge bond pursuant to OCGA § 44-14-364. Lafarge subsequently filed a lawsuit and obtained a final judgment against Cline, which included the outstanding debt owed to Lafarge related to the Project. When payment was not forthcoming, Lafarge filed the instant lawsuit, asserting a claim against the lien-discharge bond.

The parties then filed cross-motions for summary judgment. Appellants asserted that Lafarge was not entitled to payment because it failed to perfect its lien by providing a Notice to Contractor in accordance with OCGA § 44-14-361.5 (a), (c). Lafarge countered, maintaining that its duty to file the Notice to Contractor was obviated because Talbot's Notice of Commencement was fatally deficient under OCGA § 44-14-361.5 (b), (d) in that it failed to include Talbot's telephone number. The trial court, recognizing several competing legal principles, granted partial summary judg-

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459, 459 (486 SE2d 684) (1997) ("A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."); *see also* OCGA § 9-11-56 (c); *Ga. Primary Bank v. Atlanta Paving, Inc.*, 309 Ga. App. 851, 851 (711 SE2d 409) (2011).

[2] Pursuant to OCGA § 44-14-361.5 (b), the Notice of Commencement must be filed with the clerk and physically posted at the job site no later than 15 days after a contractor physically commences work on the property, and "shall include":

(1) [t]he name, address, and telephone number of the contractor; (2) [t]he name and location of the project being constructed and the legal description of the property upon which the improvements are being made; (3) [t]he name and address of the true owner of the property; (4) [t]he name and address of the person other than the owner at whose instance the improvements are being made, if not the true owner of the property; (5) [t]he name and the address of the surety for the performance and payment bonds, if any; and (6) [t]he name and address of the construction lender, if any.

ment to Lafarge after concluding that the missing telephone number in Talbot's Notice of Commencement constituted a fatal defect that rendered it ineffective.

The issue before this Court, then, is whether the failure to include a contractor's telephone number on a Notice of Commencement triggers OCGA § 44-14-361.5 (d), such that it renders inapplicable the remaining provisions of that statute. In answering this question, we, like the trial court, are mindful of the competing legal principles that must guide our analysis.

We begin by recognizing the fundamental principle of statutory construction that "requires us to follow the literal language of the statute unless it produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else."[3] Thus, when "the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden."[4]

We are further mindful that, unless a statute evinces the General Assembly's plain and unambiguous intent to the contrary, "[a] substantial compliance with any statutory requirement . . . shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance."[5] But when "a statute is plain and susceptible of but one natural and reasonable construction, . . . the legislature's clear intent will not be thwarted by invocation of the rule of substantial compliance."[6] Finally, we note that "lien statutes in derogation of the common law must be strictly construed in favor of the property owner and against the materialman."[7] With these governing principles in mind, we turn now to the statutory provisions at issue.

The materialman-lien statutes were passed for the dual purposes of providing "a means of protecting owners and general contractors from being unfairly surprised by unknown debts of subcontractors,"[8] as well as providing a "method of ensuring that

---

[3] *Telecom USA, Inc. v. Collins*, 260 Ga. 362, 363 (1) (393 SE2d 235) (1990) (citation and punctuation omitted).

[4] *Abdulkadir v. State*, 279 Ga. 122, 123 (2) (610 SE2d 50) (2005) (punctuation and footnote omitted).

[5] OCGA § 1-3-1 (c); *see also Gen. Elec. Credit Corp. v. Brooks*, 242 Ga. 109, 115 (249 SE2d 596) (1978) (declaring that if a statute "is silent as regards the degree of compliance required, we must assume that the legislature intended in its passage that a 'substantial compliance' with its terms would be deemed sufficient").

[6] *Cook v. NC Two, L. P.*, 289 Ga. 462, 464 (712 SE2d 831) (2011) (citations and punctuation omitted).

[7] *Beacon Med. Prod., LLC v. Travelers Cas. & Sur. Co. of America*, 292 Ga. App. 617, 619 (665 SE2d 710) (2008) (citation and punctuation omitted); *see Metromont Materials Corp. v. Cargill, Inc.*, 221 Ga. App. 853, 855 (473 SE2d 498) (1996).

[8] *Roofing Supply of Atlanta, Inc. v. Forrest Homes, Inc.*, 279 Ga. App. 504, 506 (1) (632

remote subcontractors and materialmen receive compensation for their contributions to the project."[9] In furtherance of these stated goals, Georgia law allows for a materialman to hold a special lien on property for which it furnishes materials, but imposes upon it the duty of sending a Notice to Contractor to the owner (or agent of the owner) in order to perfect that lien.[10] The materialman is relieved of that duty, however, in the absence of a Notice of Commencement.[11]

OCGA § 44-14-361.5 (b) sets forth what the Notice of Commencement "shall" contain, including "[t]he name, address, and telephone number of the contractor[.]"[12] And OCGA § 44-14-361.5 (d) clearly and unambiguously dictates the consequence of failing to file a Notice of Commencement, namely, such a failure renders the remaining provisions of that Code section inapplicable and absolves a materialman of the duty to file a Notice to Contractor in order to perfect its lien rights.[13]

Nowhere, however, does the statute evince the General Assembly's intended result/consequence when a Notice of Commencement is timely filed but contains less than each of the enumerated items delineated in OCGA § 44-14-361.5 (b). And in the absence of clear legislative direction, we must examine the Notice of Commencement to determine whether it substantially complies with the statutory requirements.[14]

---

SE2d 161) (2006); *see* OCGA § 10-7-31 (a); OCGA § 44-14-361.5 (a).

[9] *Roofing Supply of Atlanta, Inc.*, 279 Ga. App. at 506 (1).

[10] *See* OCGA § 44-14-361.5 (a). The Notice to Contractor, which must be sent within 30 days from the filing of the Notice of Commencement or 30 days following the first delivery of materials to the property, whichever is later, "shall include":

> (1) [t]he name, address, and telephone number of the person providing labor, services, or materials; (2) [t]he name and address of each person at whose instance the labor, services, or materials are being furnished; (3) [t]he name of the project and location of the project set forth in the notice of commencement; and (4) [a] description of the labor, services, or materials being provided and, if known, the contract price or anticipated value of the labor, services, or materials to be provided or the amount claimed to be due, if any.

OCGA § 44-14-361.5 (c) (1)-(4).

[11] OCGA § 44-14-361.5 (d).

[12] OCGA § 44-14-361.5 (b) (1).

[13] Pursuant to OCGA § 44-14-361.5 (b), the same consequence results from a contractor's failure to provide a copy of the Notice of Commencement within ten days of receiving a written request for the same from any subcontractor, materialman, or other person.

[14] *See generally DeKalb County v. Buckler*, 288 Ga. App. 346, 348 (654 SE2d 193) (2007) (holding that substantial compliance with a statute may be sufficient, even if a statutory requirement is expressed with the word "shall," "in the absence of injury to the defendant and in the absence of a penalty for failure to comply with the statute" (citation and punctuation omitted)). *Cf. Melton v. Pac. S. Mortgage Trust*, 241 Ga. 589, 592-93 (247 SE2d 76) (1978) (applying the rule of substantial compliance while noting that, although materialman's lien statutes are generally to be strictly construed against the lienholder, "this rule of construction is properly addressed to the classes of persons who may claim a lien, and the improvements and property on which a lien may be obtained"). *Compare Cook*, 289 Ga. at 463-65 (holding that

As stated by our Supreme Court, "[s]ubstantial compliance does not require that the language should be exactly as prescribed by the statute but that all the essential requirements of the form be prescribed."[15] To this end, in *General Electric Company v. North Point Ministries, Inc.*,[16] this Court held that the name of the true owner and a legal description of the subject property were essential requirements of a Notice of Commencement such that their omissions triggered OCGA § 44-14-361.5 (d), because the failure to include that information vitiated one of the primary purposes of the statute—namely, to ensure that a lien claimant could identify the property owner and receive compensation for contributions to a given project.[17] On the other hand, in *Rey Coliman Contractors, Inc. v. PCL Construction Services, Inc.*,[18] we concluded that a contractor's failure to post at the worksite an otherwise complete and timely filed Notice of Commencement was not of the same import and did not render the Notice of Commencement fatally defective.[19]

Guided by the foregoing statutory language and precedents, we conclude that the absence of Talbot's telephone number presents a technical, as opposed to substantive, omission and thus does not render the remaining provisions of the statute inapplicable. Unlike a failure to adequately identify the owner and property at issue, a failure to include the telephone number of the contractor, who is otherwise accurately identified by name and address, presents merely a potential inconvenience to a materialman trying to contact same. As such, because Talbot's Notice of Commencement substantially complied with OCGA § 44-14-361.5 (b), and because we are charged with construing lien statutes in favor of a landowner and against the materialman, we conclude that the omission of Talbot's telephone number in the Notice of Commencement did not relieve Lafarge of its duty to file a Notice to Contractor. We therefore reverse the trial court's grant of partial summary judgment to Lafarge.

*Judgment reversed. Mikell, C. J., and Smith, P. J., concur.*

---

notice in a garnishment proceeding is "of constitutional dimension" and declining to extend the rule of substantial compliance to the notice requirements plainly set forth in the statute).

[15] *Brooks*, 242 Ga. at 118; *see Sierra Craft, Inc. v. T.D. Farrell Constr., Inc.*, 282 Ga. App. 377, 384 (3) (638 SE2d 815) (2006) ("[W]hen there is actual compliance as to all matters of substance then mere technicalities of form or variations in the mode of expression should not be given the stature of noncompliance." (citation and punctuation omitted)).

[16] 289 Ga. App. 382 (657 SE2d 297) (2008).

[17] *See id.* at 385-86 (noting that the statutory scheme provided for indexing the Notice of Commencement under the name of the true owner); *see also Harris Ventures, Inc. v. Mallory & Evans, Inc.*, 291 Ga. App. 843, 844-45 (1) (662 SE2d 874) (2008).

[18] 296 Ga. App. 892 (676 SE2d 298) (2009).

[19] *See id.* at 895-96.

DECIDED NOVEMBER 22, 2011.

*David J. Merbaum*, for appellants.

*Dietrick, Evans, Scholz & Williams, Scott A. Schweber*, for appellee.