**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 16, 2016**

# In the Court of Appeals of Georgia

A16A0271. CAPITOL MATERIALS, INC. v. JLB BUCKHEAD, DO-010 LLC.

DOYLE, Chief Judge.

This appeal arises from the trial court's grant of summary judgment in favor of property owner, JLB Buckhead, LLC. The trial court found that Appellant Capitol Materials, Inc. ("Capitol"), failed to timely file its Notice to Contractor in order to preserve its right to enforce a materialman's lien against JLB Buckhead's property and that the tardy filing was not excused by errors contained in JLB Buckhead's Notice of Commencement. Because the Notice of Commencement did not substantially comply with OCGA § 44-14-361.5 (b), Capitol's failure to file its Notice

to Contractor within the prescribed time was excused under OCGA § 44-14-361.5 (d) and *Consolidated Pipe & Supply Co. v. Genoa Constr. Svcs.*[1] Thus, we reverse.

"A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[2]

Viewed in this light, the record shows that JLB Buckhead planned to construct a 375-unit multi-family residence on 6.53 acres in the Buckhead neighborhood of Fulton County, which tract previously consisted of four separate parcels — 211, 225, and 235 Pharr Road and 18 Peachtree Avenue. JLB Builders, LLC, was the contractor for the project. On September 13, 2011, JLB Builders filed a Notice of Commencement with the Clerk of the Superior Court of Fulton County. The Notice of Commencement stated that the owner of the property was JLB Buckhead at 909 Lake Carolyn Parkway, Suite 960, Irving, Texas 75039. The Notice of Commencement listed JLB Builders as the contractor and provided the address therefor, and it listed the property as the land "located at 211 Pharr Road, Atlanta[,]

---

[1] 279 Ga. App. 894, 896 (633 SE2d 59) (2006).

[2] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (486 SE2d 684) (1997).

2

Georgia, more particularly described as follows: See [attached legal description]" ("the Pharr Road property"). Prior to this time, however, the City of Atlanta had assigned to the combined parcel the address of 235 Pharr Road. The Notice of Commencement listed a commencement date of August 8, 2011, and listed as the project "improvements" consisting of "375-unit multi-family residences, 585 spaces of associated structured parking on 6.53 acres." The improvement was known in various documents by different names, including "Buckhead Village/Pharr Road," and "Village at Buckhead."

Beginning in April 2012, Capitol provided drywall to Nationwide Drywall, Inc., a subcontractor for JLB Builders, and Nationwide in turn delivered the drywall to the Pharr Road property. Capitol filed a Notice to Contractor on October 11, 2012, and Capitol admitted that this was not within the statutory 30-day period following the day it first supplied materials to the Pharr Road property as required pursuant to OCGA § 44-14-361.1 (a) (4).

Nationwide subsequently failed to pay Capitol for the materials, and on February 13, 2013, Nationwide declared bankruptcy. Capitol thereafter sought to bring an in rem action against the construction project for the $443,635.49 principal amount of the materials. On February 26, 2013, Capitol filed its claim of lien against

the project in the principal amount, and in its complaint, Capitol contended that the last day it provided materials for the project was February 8, 2013.

In response to Capitol's in rem action against the Pharr Road property, JLB Buckhead moved for summary judgment, arguing that Capitol failed to timely file its Notice to Contractor within the 30-day period required by law, and thus, Capitol could not enforce its lien. Capitol, on the other hand, maintained that JLB Buckhead's Notice of Commencement was defective, and therefore, Capitol was excused from filing its Notice to Contractor. JLB Buckhead argued that none of the errors or omissions in the Notice of Commencement was an essential element of the notice, and therefore, Capitol's tardy filing was not excused nor could it enforce its lien. Based on the record and brief, the trial court granted JLB Buckhead's motion for summary judgment without explanation.

On appeal, Capitol argues that the trial court erred by granting summary judgment to JLB Buckhead because the Notice of Commencement contained "fatal defects" or, alternatively, genuine issues of material fact exist as to whether the Notice of Commencement contained "fatal defects" such that its tardy filing of its Notice to Contractor was excused.

Pursuant to OCGA § 44-14-361.5 (b),

4

[n]ot later than 15 days after the contractor physically commences work on the property, a notice of commencement shall be filed by the owner, the agent of the owner, or by the contractor with the clerk of the superior court in the county in which the project is located. A copy of the notice of commencement shall be posted on the project site. The notice of commencement shall include: (1) The name, address, and telephone number of the contractor; (2) The name and location of the project being constructed and the legal description of the property upon which the improvements are being made; (3) The name and address of the true owner of the property; (4) The name and address of the person other than the owner at whose instance the improvements are being made, if not the true owner of the property; (5) The name and the address of the surety for the performance and payment bonds, if any; and (6) The name and address of the construction lender, if any. . . .

It is undisputed that Capitol did not have privity of contract with JBL Buckhead. Pursuant to OCGA § 44-14-361.5 (a),

[t]o make good the liens [applicable here][3], any person having a right to a lien who does not have privity of contract with the contractor and is providing labor, services, or materials for the improvement of property shall, within 30 days from the filing of the notice of commencement or 30 days following the first delivery of labor, services, or materials to the property, whichever is later, give a written notice to contractor as set out in subsection (c) of this Code section to the owner or the agent of the

---

[3] See OCGA § 44-14-361 (a) (6).

5

owner and to the contractor for a project on which there has been filed with the clerk of the superior court a notice of commencement setting forth therein the information required in subsection (b) of this Code section.

Accordingly, in order for Capitol to assert a lien for the drywall it provided to the Pharr Road property, it was necessary for Capitol to file a Notice to Contractor within 30 days of its first delivery of goods, which it undisputedly failed to do. Capitol asserts that under OCGA § 44-14-361.5 (d)[4] and *Consolidated Pipe & Supply Co.*,[5] it was absolved of its tardy filing because the notice of commencement contained a "fatal defect" rendering the requirement to file its notice to contractor unnecessary. Capital contends that the Notice of Commencement did not contain (1) the project name; (2) the correct project address; (3) the correct location of the project; (4) the name of the person other than the owner at whose instance the improvements were being made, which Capitol contends is the Atlanta Development Authority ("ADA"); or (5) the name and address of the construction lender, which constitute fatal defects or present questions of fact as to whether they are fatal defects.

_____

[4] "The failure to file a notice of commencement shall render the provisions of this Code section inapplicable."

[5] 279 Ga. App. at 896.

6

To determine whether these are "fatal defects," this Court must determine whether JLB Buckhead substantially complied with the statutory requirements.

> As stated by our Supreme Court, substantial compliance does not require that the language should be exactly as prescribed by the statute but that all the essential requirements of the form be prescribed. To this end, in *General Elec. Co. v. North Point Ministries, Inc.*,[6] this Court held that the name of the true owner and a legal description of the subject property were essential requirements of a Notice of Commencement such that their omissions triggered OCGA § 44-14-361.5 (d), because the failure to include that information vitiated one of the primary purposes of the statute — namely, to ensure that a lien claimant could identify the property owner and receive compensation for contributions to a given project.[7]

In determining whether a portion of the statute is an essential element, we construe the lien statutes in favor of the landowner and against the materialman.[8]

Pretermitting whether the lack of certain other information contained in the Notice of Commencement or any potentially incorrect information constitute fatal

---

[6] 289 Ga. App. 382 (657 SE2d 297) (2008).

[7] (Footnotes and punctuation omitted.) *Fidelity & Deposit Co. v. LaFarge Bldg. Materials, Inc.*, 312 Ga. App. 821, 825 (720 SE2d 288) (2011) (holding that omission of contractor's telephone number was not a fatal defect).

[8] See id at 826.

7

defects, JLB Buckhead failed to identify or provide contact information for its construction lender in its Notice of Commencement, rendering it fatally defective under OCGA § 44-14-361.5 (d). JLB Buckhead contends that because Wells Fargo is listed in the legal description, it substantially complied with the statute. The legal description, however, does not identify Wells Fargo as the construction lender and does not provide contact information for Wells Fargo as required by OCGA § 44-14-361.5 (b) (6). This is not a mere "variation in the mode of expression."[9]

And while failure to include this information may not have prevented the timely filing of the Notice to Contractor by Capitol, or prevented Capitol from including in its Notice to Contractor the information required of it by OCGA § 44-14-361.5 (c), we decline to hold that the wholesale failure to include the construction lender's identity or contact information in the Notice of Commencement constitutes

---

[9] See *General Elec. Co.*, 289 Ga. App. at 385, quoting *Sierra Craft, Inc. v. T. D. Farrell Constr.*, 282 Ga. App. 377, 384 (3) (638 SE2d 815) (2006).

8

substantial compliance with the statute.[10] Accordingly, the trial court erred by granting summary judgment to JBL Buckhead.

*Judgment reversed. Andrews, P. J. and Ray, J., concur*.

---

[10] Compare with *Fidelity & Deposit Co.*, 312 Ga. App. at 825; *Gen. Elec. Co.*, 289 Ga. App. at 385-386. See also *Harris Ventures, Inc. v. Mallory & Evans, Inc.*, 291 Ga. App. 843, 845 (1) (662 SE2d 874) (2008) (holding that the failure to comply with the basic requirements of OCGA § 44-14-361.5 (b) relieved the appellant of its obligation to provide a Notice to Contractor).