**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 10, 2025**

# In the Court of Appeals of Georgia

A24A1415. COWETA COUNTY v. CITY OF NEWNAN.

WATKINS, Judge.

This case, an annexation dispute between Coweta County ("the County") and the City of Newnan ("the City"), concerns approximately 32 acres of land in unincorporated Coweta County. The County filed an action for declaratory judgment and injunctive relief, seeking to enjoin the City from finalizing the annexation without first resolving the County's objection through the dispute resolution process set forth in OCGA § 36-36-110 et seq., but the City nonetheless passed an ordinance finalizing the annexation. For the reasons set forth below, we conclude that the trial court correctly dismissed the County's claim for injunctive relief as moot and resolved its claim for declaratory judgment in favor of the City.

"In an appeal from a declaratory judgment, this Court reviews the trial court's conclusions of law de novo, but will affirm the trial court's findings of fact under the any evidence standard."[1]

In June 2022, the landowner of the parcel at issue filed a petition asking the City to annex and rezone the property. The County had zoned the land for rural conservation, which allows for low-density, single family residential and agricultural use, and the landowner asked the City to rezone the land to allow for multi-family residences. After the City gave notice of the proposed annexation, the County objected on the grounds that it would result in a substantial change in the intensity of the allowable use of the property, the change in use would significantly increase the cost of infrastructure, and the use would differ substantially from existing uses of the property pursuant to the County's zoning and land use ordinances.

Georgia's legislature has enacted laws regarding the resolution of annexation disputes, and the County's objection to the proposed annexation triggered the dispute resolution procedures of OCGA § 36-36-110 et seq. Consistent with these provisions, the Department of Community Affairs ("DCA") selected an arbitration panel and

---

[1] (Citations and punctuation omitted.) *Phelps v. Phelps*, 370 Ga. App. 89 (894 SE2d 496) (2023).

scheduled arbitration for October 27, 2022. Before the proceeding took place, however, one of the arbitrators resigned. To fill the position, DCA proposed that the County "un-strike" one of the potential panelists it had previously struck. The County refused, and the arbitration did not happen.

Despite the County's unresolved objection to the proposed annexation, the City moved forward with its proposal and scheduled the annexation for a hearing before the mayor and city council in February 2023. About a week before the City's scheduled hearing, the County filed a petition for declaratory judgment and injunctive relief in superior court, asking the court to declare that the City must comply with the statutory dispute resolution process before proceeding with the proposed annexation and requesting that the court preserve the status quo and restrain the City from proceeding with the proposed annexation until after the dispute resolution process was completed. In March 2023, before the trial court acted on the County's petition, the City adopted ordinances annexing and re-zoning the property at issue.

Following a hearing and supplemental briefing, the trial court ordered that (1) the County's claims were moot in light of the City's subsequent adoption of the annexation ordinance, (2) the annexation was not void under OCGA § 36-36-110 et

3

seq., and (3) the County's claims were barred by the doctrines of waiver and unclean hands. The County then filed this appeal, in which it challenges each of the trial court's bases for ruling in favor of the City. For the following reasons, we discern no reversible error.

1. First, in its claim for injunctive relief, the County asked the trial court to temporarily restrain the City from proceeding with the proposed annexation. As outlined above, when the County filed its petition in the trial court, the City had proposed — but had not yet finalized — the annexation. By the time the County's petition was heard by the trial court, however, the City had passed the annexation ordinance. Because the activity sought to be enjoined has in fact been completed, the County's claim for injunctive relief is now moot,[2] and we affirm the trial court's dismissal of that claim.[3]

---

[2] See *City of Comer v. Seymour*, 283 Ga. 536, 537 (661 SE2d 539) (2008).

[3] On the face of its order, the trial court appears to conclude that the County's claim for declaratory judgment, like its claim for temporary injunctive relief, became moot once the City passed the annexation ordinance. But the trial court then proceeded to address arguments relating to whether the ordinance passed by the City was void in light of the parties' failure to complete the dispute resolution process. (We address the propriety of that ruling in Division 2 of this opinion.) We therefore construe the trial court's order as concluding that, although the County's attempts to block the City from passing an ordinance became moot once the City passed the

4

2. Second, the County asked the trial court to declare that the City was required to comply with the dispute resolution procedures set forth in OCGA § 36-36-110 et seq. before adopting an ordinance annexing the property. The trial court resolved this issue in favor of the City, and we affirm.

Broadly summarized, OCGA § 36-36-110 et seq. ("the Act") sets forth a procedure for resolving certain annexation disputes between a city and county. A municipal corporation seeking to annex a parcel of property, like the City in this case, must give proper notice to the county where the property is located,[4] and a county may object to the annexation on certain grounds.[5] If the county makes an objection, DCA shall appoint an arbitration panel by selecting individuals from several pools of possible appointees, and both the county and the city have a limited ability to strike

---

ordinance, the County's request for a ruling on whether an ordinance passed in this posture would be valid was not similarly moot. See *Turpen v. Rabun County Bd. of Comm'rs*, 245 Ga. App. 190, 192 (1) (537 SE2d 435) (2000) (rejecting county's argument that citizens' suit to enjoin the county's purchase of a nonprofit hospital's assets was moot once the county proceeded with the purchase; concluding that "[a]lthough the question of injunctive relief, per se, is moot, the declaratory relief is not").

[4] OCGA § 36-36-111.

[5] See OCGA § 36-36-113.

individuals from being appointed to the panel.[6] The Act describes the procedures the panel shall follow, including that the panel shall render its decision within sixty days of being appointed and that the panel shall be dissolved ten days after issuing its decision.[7] While the parties can appeal the panel's decision to the superior court, unappealed panel decisions are binding on the parties.[8] Lastly, the law includes several provisions limiting the parties' ability to change the property's zoning or land use restrictions in the wake of a panel decision resolving the dispute, a decision by the city to abandon the annexation, or an agreement between the parties resolving the dispute.[9]

The parties agree that the provisions of OCGA § 36-36-110 et seq. apply to this case, and they agree that the County's objection to the proposed annexation was not resolved before the City proceeded with the annexation. They disagree, however, as to whether the County's unresolved objection means the annexation is invalid. The County notes that in *Higdon v. City of Senoia*, a case involving an annexation dispute between a city and a county, the Supreme Court upheld a constitutional challenge to

---

[6] See OCGA § 36-36-114.

[7] See OCGA § 36-36-115.

[8] See OCGA § 36-36-116.

[9] See OCGA §§ 36-36-117, 36-36-118, 36-36-119.

the condition that an annexation is not effective until any bona fide objections raised by the county are resolved.[10] But *Higdon* involved OCGA § 36-36-11 — which governs proceedings initiated prior to September 1, 2007[11] — and which, at that time, explicitly provided that "an annexation shall not be effective until any bona fide land use classification objections raised by the county relative to the area to be annexed are resolved pursuant to the dispute resolution process[.]"[12] The legislature removed that provision in 2004.[13] Additionally, OCGA § 36-36-110 et seq. — which governs proceedings initiated on and after September 1, 2007 — does not contain a similar provision. Thus, the Supreme Court's decision in *Higdon* does not control this issue, and we must evaluate this question as one of first impression.

Under OCGA § 1-3-1 (c), "[a] substantial compliance with any statutory requirement, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law." In other words, unless the applicable law

---

[10] 273 Ga. 83, 86 (3) (538 SE2d 39) (2000).

[11] See OCGA § 36-36-11 (a).

[12] OCGA § 36-36-11 (b) (2000).

[13] See Ga. L. 2004, p. 69, § 18.

explicitly states that noncompliance with the statutory requirement will render the action void or invalid, substantial compliance is generally sufficient.[14] This rule has been applied even in situations where the statutory requirement is expressed with the word "shall."[15]

As summarized above, OCGA § 36-36-110 et seq. describe the process a county and city are to use to resolve certain annexation disputes. The Act uses the word "shall" throughout and clearly describes the arbitration process as a precursor step to annexation in the event of a county objection. For example, as the County emphasizes in its brief on appeal, OCGA § 36-36-117 provides that "[f]ollowing the conclusion of the dispute resolution process outlined in this article, the municipal corporation and an applicant for annexation may either accept the recommendations of the arbitration panel and proceed with the remaining annexation process or abandon the annexation proceeding." Importantly, however, the Act does not include any

---

[14] See *DeKalb County v. Buckler*, 288 Ga. App. 346, 348 (654 SE2d 193) (2007).

[15] See id. (decision of a county historic preservation commission was not void on the ground that the commission did not have seven members as required by the relevant ordinance because, although the law provided that the "commission shall consist of seven (7) members," it did not provide that failure to have seven active members invalidated a decision).

provision stating that failure to comply with the statutory process results in the annexation being invalid. In the absence of such a provision, we reject the County's contention that the annexation at issue in this case is void on the ground that the City failed to comply with the dispute resolution procedures set forth in OCGA § 36-36-110 et seq. We therefore affirm the trial court's judgment in favor of the City on this claim.

3. Given our conclusions on the foregoing issues, we need not address the County's remaining arguments.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*